# CHARLESTON

WEST VIRGINIA NATIONAL BANK *v.* SPENCER *et al.*

Submitted September 6, 1911.    Decided January 28, 1913.

1. JUDGMENT—*Merger and Bar—Nature of Causes.*

    An adjudication in a proceeding for the correction of an alleged erroneous assessment for taxes, begun before the County Court and prosecuted to judgment by appeal in the Circuit Court, under the statute as it formerly stood, Code 1906, ch. 29, sec. 129, is a bar to a subsequent equity suit seeking to enjoin the collection of the taxes on the same assessment involved in the former proceeding, by reliance on the same questions of error or illegality as to the assessment that were involved or were cognizable in that former proceeding.    (p. 680).

2. TAXATION—*Assessment—Correction.*

    Taxability or judicial questions relating to ascertainment of valuation were properly cognizable in proceedings under Code 1906, ch. 29, sec. 129, even to the extent of appeal to this Court, and are now so cognizable in similar proceedings begun before the Board of Review and Equalization under Acts 1907, ch. 80, sec. 18.    (p. 680).

3. JUDGMENT—*Conclusiveness—Matters Concluded.*

    Though a second suit is based on a different demand than one involved in a former suit between the same parties, still a right, question or fact distinctly put in issue and directly determined between the parties by a court of competent jurisdiction in the former suit is conclusively established between them, as long as the judgment remains unmodified, and is a bar to readjudication of the same right, question or fact in the subsequent suit.    (p. 681).

4. TAXATION—*Collection of Taxes—Injunction—Statutory Proceedings.*

    An owner of property liable to assessment can not now maintain a suit in equity to enjoin the collection of taxes assessed against that property on the ground of illegality. By Acts 1907, ch. 80, sec. 18, he must apply for relief to the Board of Review and Equalization for correction of his assessment

71 W. Va.

on whatever ground of complaint he may have against the same. If he does not, he waives his right to have correction and is not permitted to question the assessment as fixed by the board. If he does so apply, and in that proceeding fails, the adjudication bars resort to equity. (p. 682).

Appeal from Circuit Court, Cabell County.

Suit in equity by the West Virginia National Bank and others against W. S. Spencer and another. From a decree for defendants, plaintiffs appeal.

*Affirmed.*

*Vinson & Thompson,* for appellants.

*George S. Wallace,* for appellee.

ROBINSON, JUDGE:

The West Virginia National Bank and certain of its stockholders, joint plaintiffs, have appealed from a decree dismissing their two suits, consolidated as one, by which they sought to enjoin the collection of taxes assessed against the stock of the bank. These suits were grounded on allegations that it was illegal not to allow the stockholders respectively to deduct their indebtedness from the value of their shares. The assessments were for the years 1908 and 1909, and the claim of right to deduct for indebtedness was denied by the assessor pursuant to the statute as it then stood. Acts 1907, ch. 80, sec. 79. This statute has since been amended so that such deductions are now allowable. Acts 1911, ch. 50, sec. 1.

This case comes under the former statute and challenges that statute as being in conflict with the State Constitution and the provisions of the Federal laws relating to the taxation of shares in national banks. The claim of illegal taxation is raised by two bills in equity, each by the same plaintiffs against the collecting officers, one to enjoin the collection of the taxes assessed for 1908, and the other embracing for similar injunctive relief the taxes assessed for 1909. The two causes were consolidated and heard together.

We are of the opinion that the decree dismissing the bills must be affirmed. Neither bill makes a case justifying the interposition of a court of equity. The question of the alleged illegality of the taxes can not be adjudged in these suits.

The bill relating to the taxes of 1908 shows on its face an adjudication of the very matters sought to be litigated by that bill. It says: "The said plaintiffs made an application to the county court of Cabell county for the correction of said assessment and the allowance of the deductions so claimed, in manner and form as is provided by the statute; that said County Court after hearing evidence and argument refused to make said corrections and dismissed said application, and thereupon the plaintiffs took an appeal from said order of the county court to the circuit court of Cabell county, which likewise refused to make said corrections, and dismissed plaintiffs' petition and proceeding." Here is disclosed a former adjudication, between the same parties, of the very questions raised by the bill in this subsequent suit. Plaintiffs show that they pursued a very proper remedy for testing their legal right to have deduction of their indebtedness from the assessment of their national bank stock. As the law then was, they were given that remedy. Code 1906, ch. 29, sec. 129. They elected to pursue it and are bound by the result therein. They sought a court of competent jurisdiction in the premises. After adjudication in that suit—for in fact it was a suit between the same parties—they surely can not reopen the questions there settled by the maintenance of a subsequent suit. "It is settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit, is conclusive as to that question, in another suit between the same parties." 6 Enc. Dig. Va. & W. Va. 341.

It may be said that the county court and the circuit court, in the proceedings which plaintiffs prosecuted before them, had only jurisdiction as to valuation, and not as to taxability or judicial questions relating to an ascertainment of valuation. That taxability and judicial questions relating to an ascertainment of valuation were properly cognizable in such proceedings, even to the extent of appeal to this Court, and are now so cognizable in similar proceedings begun before the Board of Review and Equalization, is settled. *Hannis Distilling Co.* v. *County Court*, 69 W. Va. 426; *Copp* v. *State*, 69 W. Va. 439. Plaintiffs might have pursued those proceedings to this Court by writ of

error, thus bringing here the identical questions that they have attempted to bring in this equity cause.    That they did not do so does not by any means argue that the judgment in their former proceedings is not a final adjudication of their legal rights as to whether their indebtedness should have been deducted from the value of their national bank stock in the assessment of 1908.    The question of their legal rights in the premises was settled by the former proceedings; or at least was one so presentable there that it is foreclosed by the judgment therein. *Rogers* v. *Rogers,* 37 W. Va. 407.

The other bill, which seeks to enjoin also the collection of the taxes on the assessment of 1909, shows, in the identical language which we have quoted from the former bill, the prior adjudication that plaintiffs were not under the law entitled to have deduction for indebtedness made in the assessment of the bank stock.    Can they reopen the question by that bill simply because it again arises as to another year's assessment?    Does not the former adjudication settle the point that they can not deduct for any year while the same law remains on the books? These questions are answered by the language of Mr. Justice Harlan: "A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies be taken as conclusively established, so long as the judgment in the first suit remains unmodified." *So. Pac. R. R. Co.* v. *U. S.,* 168 U. S. 1.    The identical right in relation to deduction of indebtedness in making an assessment of national bank stock, which plaintiffs seeks to relitigate against the taxing powers, was formerly determined between plaintiffs and the taxing powers by a court of competent jurisdiction.    The adjudication remains unmodified.    The right, therefore, must be taken as conclusively established for the purposes of the new litigation though the same is based on a subsequent and different demand for taxes.    The principle judicially established between the parties operates as an estoppel whenever that principle is properly applicable as between them.

But there is another insufficiency in the second bill. To sustain it, plaintiffs rely on inadequacy of legal remedy and avoidance of a multiplicity of suits. As our law now stands for correction of erroneous and illegal assessments, they can not invoke these grounds for equity jurisdiction under the facts shown. Plaintiffs disclose plainly that they knew of the assessment. They show that they were property owners, chargeable with notice of the law as to the making of assessment for taxes and as to the remedy for correction thereof or relief therefrom. They show that they knew, or must under the law have known, at the time of the assessment for 1909, of the alleged erroneous listing of which they complain. The statute law pointed out to them plain and adequate remedy for the relief they now seek in equity. Indeed, it pointed out to them an exclusive remedy which they must pursue or be forever precluded from reliance on the grounds of relief they now present. Beginning with the year 1909, a distinct and sole remedy was given to persons owning assessable property which is improperly or erroneously listed for assessment. Every person listed by the assessor or having property liable to assessment is bound by it. He must look to his assessment and see that the same is proper and correct. If it is not, he is given a single remedy. Only those, perhaps, showing some adventitous circumstance, or equally weighty ground of equitable cognizance, can ever excuse themselves for not giving heed to the remedy provided. The statute in this particular is a wholesome one, meant to so settle and foreclose questions in relation to assessments that, when the books are completed and collection begins, the matters of public revenue will not be interfered with or retarded. This statute is sec. 18, ch. 80, Acts of 1907, providing for the Board of Review and Equalization and the correction of assessment and valuation by proceedings begun before that tribunal. This board has jurisdiction to entertain and pass upon just such questions as plaintiffs now seek to have decided, as well as questions merely of valuation. An appeal lies from its decisions to the Circuit Court. Sec. 129. And writ of error further lies to this Court, if judicial, not ministerial, questions are involved. *Copp* v. *State, supra.* One returning property

to the assessor, or owning assessable property, must take notice of the duly advertised meeting of the Board of Review and Equalization and there apply for relief if he desires correction of the assessment. If he does not do so, what? The statute is clear. We copy it: "If any person fail to apply for relief at said meeting he shall be deemed to have waived his right to ask for correction in his assessment list for the current year, and shall not thereafter be permitted to question the correctness of his list as finally fixed by said board." That is the present law. It was in force for the year 1909, when the assessment complained of by plaintiffs was made. They did not apply to the board for relief; at least, we must so assume from the allegations of their bill. The law provided them full remedy, if they were aggrieved as they claim. They had a legal way to bring even to this Court the propositions they rely on. But having failed to avail themselves thereof, the statute itself cuts them off from the suit in equity which they have brought. The ordinary grounds of equity cognizance, such as plaintiffs rely on, will not avail. The statute has precluded those. For, by the terms of the statute, plaintiffs must be deemed to have waived their right to ask the correction which they do ask. Here is another estoppel against them—a statutory one. Moreover, by the terms of this statute, they are not permitted to question the correctness of their list, as it was passed upon and fixed finally by the board for the year 1909. Yet that is just what they seek to do, by their equity suit, showing no excuse whatever for not availing themselves of the plain statutory remedy. Clearly they can not be heard.

An order affirming the decree will be entered.

*Affirmed.*