STOCKTON ET AL. v. OSBORNE, COUNTY SURVEYOR.

[No. 22,314. Filed April 3, 1914.]

1. DRAINS.—*Cleaning.*—*Allotments by Surveyor.*—*Right of Appeal.*—Under §6156 Burns 1908, Acts 1907 p. 508, §14, providing that in case of an appeal from the order of the county surveyor making an allotment for the cleaning of a drain, the circuit or superior court may either confirm the allotment or change the same, and that its decision shall be final and conclusive, there can be no appeal from the order of the circuit or superior court, even on the ground that the proceedings therein were irregular and that questions of procedure incident to the judgment were subject to review. p. 441.

From Jasper Circuit Court; *Moses Leopold,* Special Judge.

Proceeding for the allotment of a ditch for cleaning, in which Almira M. Stockton and others filed objections. From a judgment approving the allotment as made by the county surveyor, the objectors appeal. *Appeal dismissed.*

*W. W. Lowry* and *W. H. Parkinson,* for appellants.
*A. Halleck,* for appellee.

SPENCER, J.—This is a proceeding for the allotment of a ditch for cleaning out purposes, under the provisions of the drainage act of 1907 (Acts 1907 p. 508, §6152 *et seq.* Burns 1908). Appellants filed their objections to said allotment with appellee, as county surveyor, and appealed to the Jasper Circuit Court, which court overruled said objections and rendered judgment approving the allotment as made by appellee. Appellants now seek to prosecute this

appeal and earnestly contend that the proceedings had in the Jasper Circuit Court were irregular and the judgment of said court was invalid.

Section 14 of the above act (§6156 Burns 1908) expressly provides that in case of appeal from the order of the county surveyor, the circuit or superior court "may confirm the allotment made by the surveyor or change the same, and its decision upon such appeal shall be final and conclusive." The question here presented, therefore, is similar to that raised in the case of *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N. E. 10, wherein it was contended that although no appeal was allowed from the final report of the board of appraisers in making assessments under §§8722-8725 Burns 1908, Acts 1905 p. 219, §§117-119, Acts 1907 p. 563, yet certain questions of procedure incident to the making of such report were subject to review. This contention was overruled and the appeal dismissed. See, also, *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949 and cases cited.

This court is without jurisdiction to determine the several questions presented by appellants, and the appeal, therefore, is dismissed.

Note.—Reported in 104 N. E. 756.