## RUDDICK ET AL. v. CITY OF COLUMBUS.

[No. 22,727. Filed March 9, 1915.]

1. MUNICIPAL CORPORATIONS.—*Proceedings to Open Streets.—Appeal.—Statutes.*—Under §8705 Burns 1914, Acts 1905 p. 219, §102, no appeal can be had from the judgment of the circuit court in an action to review a proceeding by a city to extend and open a street, even though the judgment is not upon the question of benefits and damages, and is such as to terminate the cause without an adjudication of that question. p. 22.

2. APPEAL.—*Right of Appeal.—Special Proceedings.*—In special proceedings the general right of appeal in civil actions does not attach, and no right of appeal exists unless expressly granted, and such right, when granted, can be no broader than the grant. p. 22.

From Bartholomew Circuit Court; *Hugh Wickens,* Judge.

Action by Baker S. Ruddick and others against the City of Columbus. From a judgment dismissing the action, the plaintiffs appeal. *Appeal dismissed.*

*John W. Morgan* and *C. E. Custer,* for appellants.

*C. B. Cooper,* for appellee.

Cox, J.—The basis of this appeal was a proceeding on the part of appellee through its common council to extend and open certain of its streets through lands owned by appellants under the statutes governing the subject-matter. §§8700-8705, 8959 Burns 1914, Acts 1905 p. 219, §§97-102, Acts 1913 p. 12. Appellants, having unsuccessfully remonstrated against the assessments of benefits and awards of damages to their lands affected, attempted to appeal from the confirmation of the assessments and awards by filing an original complaint in the circuit court as provided by §§8704, 8705 Burns 1914, Acts 1905 p. 219, §§101, 102. On motion of appellee, based on the ground that the appeal had not been perfected in the time provided by the statute, the complaint was dismissed by the circuit court. This is an attempt to appeal from that action which is here assigned as error.

Counsel for appellee has interposed a motion to dismiss

this appeal on the ground that no appeal lies to this court in such a proceeding. The motion is well made. Section 8705, *supra,* provides in express terms that no appeal shall lie from the judgment of the circuit court. But counsel for appellants claim that provision forbids an appeal from the circuit court to this only when the former has tried the question of benefits and damages raised, and rendered a judgment lowering them or confirming them, in which case the right of appeal from that judgment only is withheld. And the theory of appellants' counsel seems to be that as no appeal is denied by this statute from other rulings of the circuit court which amount to a final judgment, made before the conclusion on the merits of the question of assessments and awards is reached, an appeal must lie therefrom under the general right of appeal from final judgments given by §671 Burns 1914, §632 R. S. 1881. It has been definitely settled by this court that in special proceedings such as this the general right of appeal in civil actions does not attach and that no right of appeal exists unless expressly granted and that when granted it is no broader than the grant. In *Collins* v. *Laybold* (1914), 182 Ind. 126, 104 N. E. 971, in considering the question of appeals in such proceedings it was said: "It is firmly settled in this state that there is no vested right of appeal, and that such right is the subject of legislative discretion to be given or withheld as the legislature sees fit. It may not only declare what questions may be tried or reviewed on appeal, to what tribunals the appeals may proceed and where they shall stop, but it may deny any appeal. * * * And it (the law there under consideration) further provides that the review of the assessments, the last act of the proceeding, by the circuit shall be final. As an appeal to this court is thus denied it is clear that there can be no appeal here from any intermediate or incidental decision which is not expressly authorized". See, also, *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N. E. 10; *Stockton* v. *Yeoman*

(1913), 179 Ind. 61, 100 N. E. 2; *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949; *Stockton* v. *Osborne* (1914), 181 Ind. 440, 104 N. E. 756; *City of Indianapolis* v. *L. C. Thompson Mfg. Co.* (1907), 40 Ind. App. 535, 81 N. E. 1156, 82 N. E. 540.

No review by this court, by appeal, of any question arising in a proceeding under the statute involved here is contemplated. As an appeal to this court from the judgment on the merits which the circuit court is authorized to render, is denied, it is clear that none can be taken to review an alleged error occurring in the proceeding before reaching the judgment on the merits.

Appellee's motion is sustained and appeal is dismissed.

NOTE.—Reported in 108 N. E. 106. As to damages and injuries for which compensation must be made under eminent domain proceedings, see 31 Am. Dec. 373; 88 Am. Dec. 113; 4 Am. St. 399; 9 Am. St. 144; 19 Am. St. 459; 22 Am. St. 50; 85 Am. St. 291. See, also, under (1) 15 Cyc. 944; (2) 2 Cyc. 540.