NOTE: The two opinions following should have been reported in volume 189, but do not appear therein because of delay in reaching the hands of the reporter.—REPORTER.

### STATE OF INDIANA, EX REL. KLAUSS, AUDITOR, v. SMITH.

[No. 23,419.   Filed June 4, 1920.]

1. TAXATION.—*Inheritance Tax.—Fixing Appraiser's Fees.—Right of Appeal.—Jurisdiction.*—Where the trial court allowed a local inheritance tax appraiser the amount of fees claimed in his report, which was more than the amount approved by the investigator pursuant to §4, Acts 1917 p. 367, §10143n Burns' Supp. 1918, the state auditor has no right of appeal from the court's order under §2977 Burns 1914, §2454 R. S. 1881, governing appeals in decedents' estates, since the question is one purely between the state auditor and the appraiser and has no relation to the settlement of the estate, as the fees when ordered paid are drawn from the inheritance tax fund in custody of the treasurer. p. 692.

2.  APPEAL.—*Right of.—Special Proceedings.—Inheritance Tax.*
—The general right of appeal in civil actions, under §671
Burns 1914, §632 R. S. 1881, does not apply to special pro-
ceedings, such as proceedings to fix fees of inheritance tax ap-
praisers; and, unless expressly granted in such proceedings, no
right of appeal exists, such right being purely statutory.
p. 692.

3.  APPEAL.—*Right of.—Constitutional Questions.—Jurisdiction.*
—Where the appealing party has no right of review, the Su-
preme Court has no jurisdiction to pass upon questions relative
to the validity of statutory provisions raised by the parties.
p. 692.

From Bartholomew Circuit Court; *John W. Donaker,*
Judge.

Proceeding to fix the inheritance tax in a decedent's
estate. From a judgment awarding fees to William C.
Smith, appraiser, the State of Indiana, on the relation
of Otto L. Klauss, auditor of state, appeals. *Appeal
dismissed.*

*Ele Stansbury,* Attorney-General, and *Edward M.
White,* for the state.

*Everroad & Cooper,* for appellee.

TOWNSEND, J.—In September, 1917, appellee, as in-
heritance tax appraiser of Bartholomew county, filed re-
port of appraisement with the clerk of the court. In
this report he claimed pay for seven days' services at
three dollars per day, and $5.12 for expenses, a total of
$26.12.

The state tax inheritance investigator, pursuant to
the second proviso of §4, Acts 1917 p. 367, §10143n
Burns' Supp. 1918, approved of this claim to the amount
of $20.12.

The proviso above referred to is as follows: "Pro-
vided further, That all claims against the inheritance
tax for appraiser's fees and expenses shall be approved
by the inheritance tax investigator before the same can
be allowed by the court."

The court, upon hearing, allowed appellee's claim for $26.12.

Appellant claims that the court was bound to follow the recommendation and approval of the state tax investigator as to the amount of fees and expenses allowed appellee as appraiser. Appellee claims that, if the above proviso binds the court, it is void, because it confers upon the tax investigator judicial power belonging to the court that is to allow the claim and order it paid.

We are met at the outset of this case with the question of whether there is any right of appeal. If the act is special and there is no appeal provided for as to the questions raised, and the parties thereto are given no rights of appeal by any other provision of the law, then no appeal lies.

It will be observed that the contention here is not between the appellant and any person interested in the estate of a decedent, but is purely and simply a

1. contention between the appellant and the inheritance tax appraiser of Bartholomew county. The fees and expenses when ordered paid are drawn from the inheritance tax fund in the hands of the treasurer, which is wholly absolved from any relation to decedents' estates or any one interested therein.

It is contended by appellant that it has a right of appeal under §2977 Burns 1914, §2454 R. S. 1881, regarding appeals in matters affecting decedents' estates. Appellant also contends that the general statute gives it the right of appeal under §671 Burns 1914, §632 R. S. 1881. In both these contentions we think that appellant is in error.

The right of appeal is purely a statutory one and where such right is not given, none exists. It is

2, 3. firmly settled by decisions of this court that in a special proceeding the general right of appeal in

civil actions does not attach, and no right of appeal exists unless it is expressly granted. Elliott, Appellate Procedure §75; *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443; *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N. E. 10; *Ruddick* v. *City of Columbus* (1915), 183 Ind. 21, 108 N. E. 106; *Collins* v. *Laybold* (1914), 182 Ind. 126, 104 N. E. 971.

Since appellant has no right to review the action of the lower court, we have no jurisdiction to pass upon the validity or invalidity of the proviso above set out.

The appeal is dismissed.