## BAUBLETT ET AL. v. STRICKLER ET AL.

### [No. 23,539.    Filed May 13, 1921.]

1. APPEAL.—*Questions Reviewable.—Constitutionality of Statute.
   —Assignment of Error.*—That a designated statute is uncon-
   stitutional or conflicts with a certain section of the Constitution
   of the United States, without pointing out the ruling com-
   plained of as having been made in violation of the rule of law
   so asserted, is not a proper assignment of error, and presents
   no question for review.  p. 549.

2. APPEAL.—*Right of Appeal.—Decision on Appeal From Drain-
   age Commissioners.*—Under §6161s2 Burns' Supp. 1918, Acts
   1917 p. 384, §3, providing that, in the event an appeal is taken
   from the decision of the drainage commissioners in a pro-
   ceedings under the act to have a public drain cleaned, the
   decision of the court upon such appeal shall be final, there can
   be no appeal in such proceedings to the Supreme Court.  p. 549.

From Wabash Circuit Court; *Nelson G. Hunter,*
Judge.

Drainage proceedings on the petition of Abbie B.
Strickler and others. From the judgment rendered,
John Baublett and others appeal.  *Appeal dismissed.*

*D. F. Brooks,* for appellants.

*Frank O. Switzer* and *Walter S. Bent,* for appellees.

EWBANK, J.—The appellees petitioned to have a pub-
lic dredge ditch cleaned, under the provisions of Acts
1917 p. 384, §6162q2 *et seq.* Burns' Supp. 1918. The
circuit court docketed the petition and referred the
matter to the drainage commissioners of the three coun-
ties into which the ditch extends. The drainage com-
missioners made a report estimating the cubic yards of
excavation, and apportioning the cost to the several
tracts of land which they reported to be affected. A
hearing before the drainage commissioners on the day
fixed for filing the report resulted in some changes,
modifying the assessments against some of the lands
reported affected. An appeal was duly taken to the cir-

cuit court, where the appellants filed numerous motions, both before and after the trial, all of which were overruled, and after a hearing the court ordered the ditch cleaned as reported by the drainage commissioners. The errors properly assigned in this court are that the trial court erred in overruling the motions of appellants for a new trial, and to strike out part of the report, respectively.

That a designated statute is unconstitutional, or is in conflict with a certain section of the Constitution of the state or of the United States, without pointing out the ruling complained of as having been made in violation of the rule of law so asserted, is not a proper assignment of error, and presents no question. *Pittsburgh, etc., R. Co.* v. *Town of Wolcott* (1904), 162 Ind. 399, 401, 69 N. E. 451; Ewbank's Manual (2d ed.) §133.

There are many defects in appellants' brief, among which are that it does not set out either of the motions referred to as having been overruled, nor state that appellants reserved an exception to any ruling complained of, and that the "points and authorities" are confined solely to the proposition that the acts of 1917 (Acts 1917 p. 384, *supra*) is unconstitutional, without suggesting how the question of its constitutionality arose in the trial court or how it is presented for decision by the record before this court. Ewbank's Manual (2d ed.) §§181, 181b.

Section 2 of the act, *supra*, under which this proceeding was commenced and prosecuted, provides that the apportionment and assessments as made by the drainage commissioners upon the hearing of objections to their report "shall be final and conclusive, unless appealed from in ten days." §6161r2 Burns' Supp. 1918. And §3 of the act, *supra*, provides that, in case an appeal is taken from the drainage com-

missioners, "the court hearing said appeal may confirm the apportionment of assessments, change, modify or equalize the same, and its decision upon such appeal shall be final and conclusive." §6161s2 Burns' Supp. 1918. This amounts to a provision that in proceedings of this character there shall be no appeal to the Supreme Court; and where the statute has denied the right of appeal to this court such an appeal cannot be maintained. *Collins* v. *Laybold* (1914), 182 Ind. 126, 134, 104 N. E. 971; *Bemis* v. *Guirl Drainage Co.* (1914), 182 Ind. 36, 54, 105 N. E. 496; *Stockton* v. *Yeoman* (1912), 179 Ind. 61, 65, 100 N. E. 2.

If the drainage commissioners and the circuit court have acted under authority of a statute which appellants believe to be invalid, and have thereby infringed upon what appellants believe to be their constitutional rights, the acts complained of must be challenged in some form of proceeding in which an appeal to the Supreme Court is allowed by law before this court can decide whether or not the statute under which they acted is constitutional.

The appeal is dismissed.