## SHIDELER, AUDITOR, *v.* MARTIN.

[No. 23,862.   Filed June 30, 1922.   Rehearing denied December 12, 1922.]

1. APPEAL.— *Right of Appeal.— Judgment Void for Want of Jurisdiction.*—An appeal from a circuit court to the Supreme Court may be prosecuted for the purpose of questioning the validity of the judgment appealed from, even though the judgment is void for lack of jurisdiction in the trial court to render it.   p. 577.

2. STATUTES.— *Assessment of Omitted Property.— Appeal.— Statute.—Validity.*—Section 10310a Burns 1914, Acts 1911 p. 479, giving a property owner the right of appeal to the circuit court from a decision of the county auditor or other officers whose duty it is to place on the tax duplicate of a county any property omitted to be returned for taxation, is not void for uncertainty for failure to specify the pleadings necessary on appeal.   p. 578.

3. CONSTITUTIONAL LAW.— *Statutes.— Construction.*— Where a statute is susceptible of a reasonable construction which makes it intelligible and does not conflict with the Constitution, it will be given that construction and upheld, rather than a construction which would make it invalid.   p. 578.

4. COURTS.— *Pleadings.— Issues.— Power of Legislature.*— The legislature has power to provide for bringing a matter before a court without formal pleadings or the formation of issues, where relief is sought as against the public or officers representing the public.   p. 578.

5. STATUTES.—*Assessment of Taxes.—Appeal.—Statute.—Validity.*—Section 10310a Burns 1914, Acts 1911 p. 479, giving a property owner the right of appeal to the circuit court from a decision of the county auditor or other officers whose duty it is to place on the tax duplicate of a county any property omitted to be returned for taxation, is not a special law for

the assessment of taxes within the meaning of Art. 4, §22 of the Constitution, because appeals from the action of a township assessor lie to the county board of review, and from it to the state Board of Tax Commissioners, while appeals from assessments of omitted property lie to the circuit court.  p. 579.

6.  STATUTES.— *Validity.*— *Subjects of Legislation.*— *Classification.*—Classification of subjects of legislation that is natural, fair, and reasonable is permitted by the Constitution.  p. 579.

7.  TAXATION.— *Wrongful Assessments of Taxes.*— *Relief.*— *Absence of Statute Authorizing Appeal from Taxing Officer.*— *Power of Courts.*—In a proceeding to assess property claimed to have been omitted from the tax duplicate whether property added to the owner's tax list was taxable, whether the valuation appealed from expressed the honest judgment of the county auditor, as controlled by Art. 10, §1 of the Constitution, requiring a uniform and equal rate of taxation, or was arbitrarily adopted, and whether the statutes under which the assessing officer assumed to act are constitutional, are judicial questions that may be brought before a circuit court for determination by proper proceedings, even in the absence of a statute authorizing an appeal from an assessing officer.  p. 580.

8.  TAXATION.— *Wrongful Assessment.*— *Appeal.*—*Statute.*—*Validity.*—The Constitution does not forbid the removal of cases from a tax assessing officer to a circuit court by appeal, as provided by §10310a Burns 1914, Acts 1911 p. 479, instead of being presented in an original action begun by complaint and summons, so that a judgment rendered in an appeal to the circuit court under the statute is not void for want of jurisdiction.  p. 580.

9.  TAXATION.—*Assessment of Omitted Property.*—*Appeal.*—*Statute.*—In a proceeding to assess property claimed to have been omitted from the tax duplicate, where an appeal to the circuit court from the decision of the county auditor was taken under §10310a Burns 1914, Acts 1911 p. 479, an appeal from the judgment of the circuit court to the Supreme Court does not lie, since it was not provided for by that section, and the judgment does not come within §671 Burns 1914, §632 R. S. 1881, giving the right of appeal from all final judgments of circuit and superior courts.  p. 581.

10.  APPEAL.—*Right of Appeal.*—One who has been given one judicial hearing before a court having jurisdiction has no constitutional right to appeal to another court; his right of appeal. being no greater than that given by statute.  p. 586.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Proceedings by Joseph E. Shideler, auditor of Huntington county, to fix the amount of taxes on property of Peter Martin, omitted from the tax duplicates. From the judgment rendered, the auditor appeals. *Appeal dismissed.*

*Miller & Dowling, Claude Cline* and *Simmons & Dailey,* for appellant.

*Eben Lesh, C. W. Watkins* and *W. H. Eichhorn,* for appellee.

*Emsley W. Johnson* and *Joseph W. Hutchinson, Amici Curiae.*

EWBANK, J.—The auditor of Huntington county, after notice to appellee, placed on the tax duplicate, as omitted property, certain shares of stock in certain foreign corporations, as having been owned by appellee in each of a series of years, fixed a value on such omitted property for the different years of from $43,070 to $63,815, and assessed against appellee taxes thereon for those years in the total amount of $26,155.12.

Appellee duly filed his bond, under §10310a Burns 1914, Acts 1911 p. 479; see §10139w9 Burns' Supp. 1921, Acts 1919 p. 198, §256, for an appeal to the circuit court, where evidence was heard, a special finding of facts was made, conclusions of law were stated thereon, and judgment was rendered in conformity with the finding and conclusions, to the effect that the total amount of taxes on omitted property for which appellee was liable amounted to $4,556.16.

Appellant moved to dismiss the proceeding in the circuit court, for the alleged reason that the statute granting an appeal from the auditor to the circuit court is unconstitutional. He excepted to the first conclusion of law, and moved for a new trial, in each instance presenting the same question. Each motion was overruled,

and appellant excepted.   The alleged error in the first conclusion of law, and in overruling the motions to dismiss and for a new trial are duly presented for consideration by proper assignments of errors.   The appellee asks that this appeal be dismissed on the ground that the statute which grants an appeal to the circuit court does not grant a further appeal from its decision to the Supreme Court.

If the statute granting an appeal to the circuit court is unconstitutional, and that court had no jurisdiction, all of its acts and its judgment necessarily would

1.  be void.   But an appeal from the circuit court to this court may be prosecuted for the purpose of questioning the validity of the judgment appealed from, even though such judgment is void for lack of jurisdiction of the trial court to render it.   *Cushman* v. *Hussey* (1918), 187 Ind. 228, 235, 118 N. E. 816; *Baltimore, etc., R. Co.* v. *Board* (1900), 156 Ind. 260, 269, 58 N. E. 837, 59 N. E. 856; *Weaver* v. *Ferguson* (1917), 68 Ind. App. 169, 178, 117 N. E. 659; Ewbank's Manual §§267, 289; 3 C. J. 467; 33 L. R. A. (N. S.) 733, note.

The statute in question reads as follows:   "That from any finding, conclusion or decision of any county assessor, any county auditor, any county treasurer or any other officer or officers or board whose duty it may be to investigate, decide, assess and place on the tax duplicate of any county of this state, any property subject to taxation and omitted to be returned, listed and assessed for taxation, the owner of such property or other person against whom such omitted property has been assessed shall have the right to appeal from such finding, conclusion or decision to the circuit court of the county wherein said omitted property is so listed or added for taxation:   *Provided,* That such appeal shall be taken within ten days after the entering of such

omitted property on the tax duplicate of such county, by the taxpayer or person against whom such taxes are assessed, filing his written undertaking with the auditor of such county with security to be approved by such auditor, conditioned to pay, without delay, all taxes, interest and penalties as may on final hearing be found due, together with costs assessed against him: *Provided, also,* The officer so entering such omitted property for taxation shall, at the time of entering the same on the tax duplicate, deposit in the United States mail properly addressed to the taxpayer against whom the assessment is made, notice of said assessment." §10310a Burns 1914, *supra.*

The first objection to the validity of this statute urged by appellant is that it is void for uncertainty. But the established practice in preparing and certifying 2-4. transcripts of the proceedings of inferior tribunals when appeals are taken therefrom to the circuit court, and of that court in hearing and deciding such appeals, and the power of the court to adopt rules for its own guidance where the statute is silent must be taken into consideration. And the statute should be understood to confer authority to consider and pass upon judicial questions, of which the court has jurisdiction, if there be any such questions involved, rather than an attempt to confer authority to pass upon questions which the Constitution forbids it to decide. If a statute is susceptible of a reasonable construction which makes it intelligible and does not conflict with the Constitution, it will be given that construction and upheld, rather than a construction which would make it invalid. *State* v. *Barrett, Aud.* (1909), 172 Ind. 169, 174, 87 N. E. 7; *School Town* v. *Heiney* (1912), 178 Ind. 1, 6, 98 N. E. 628, 43 L. R. A. (N. S.) 1023, Ann. Cas. 1915B 1136; *Crittenberger* v. *State, etc., Trust Co.* (1920), 189 Ind. 411, 425, 127 N. E. 552. Within the rules above

laid down, we think that this statute may be fairly interpreted to require that upon the presentation of a sufficient bond within ten days the county auditor shall prepare and certify a transcript of the proceedings before him, and file it with the clerk of the circuit court, and that without further pleadings, or upon the filing of such additional pleadings as that court, in its discretion, may direct or permit, the court shall hear and determine such judicial questions as arise upon the facts of the case. The legislature has power to provide for bringing a matter before the court without formal pleadings or the formation of issues, where relief is sought as against the public or officers representing the public.

Where property is listed and valued by an assessor engaged in listing all the property of his township for taxation for the current year, the circumstances

5. are not the same as where a county auditor undertakes to fix the value of certain omitted property a year, five years, or a dozen years after the close of the year for which the tax is to be paid. Such a difference of circumstances justified different provisions for taking an appeal from the assessment, as well as different provisions for making the assessment. And we do not think the fact that appeals from the action of the township assessor lie to the county board of review, and from it to the state board of tax commissioners, while appeals from an assessment of omitted property lie to the circuit court, makes the statute a special law for the assessment of taxes within the meaning of Art. 4, §22, of the Constitution.

Classification of subjects of legislation that is natural, fair and reasonable is permitted by the Constitution.

6. *Strange* v. *Board* (1910), 173 Ind. 640, 645, 91 N. E. 242; *Hirth-Krause Co.* v. *Cohen* (1912), 177 Ind. 1, 10, 97 N. E. 1, Ann. Cas. 1914C 708;

*Temperly* v. *City of Indianapolis* (1920), 189 Ind. 292, 297, 127 N. E. 149, 151.

Whether the property added to appellant's tax list was taxable, whether the valuation appealed from expressed the honest judgment of the auditor, as
7. controlled by that provision of the Constitution (Art. 10, §1, Constitution), which requires a uniform and equal rate of taxation, or was arbitrarily adopted to serve the interests of himself or of a "tax ferret" acting as his adviser, and whether the statutes under which the assessing officer assumed to act were constitutional, and many other similar questions which might arise in such a proceeding, were judicial questions that might have been brought before the court for determination by proper proceedings, even if there had been no statute authorizing an appeal. *Taylor* v. *Louisville, etc., R. Co.* (1898), 88 Fed. 350, 31 C. C. A. 537; *Greene* v. *Louisville, etc., R. Co.* (1916), 244 U. S. 499, 37 Sup. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E 88; *Oregon, etc., R. Co.* v. *Jackson* (1901), 38 Ore. 589, 64 Pac. 307, 65 Pac. 369.

Nothing in the Constitution of Indiana forbids the consideration and decision of judicial questions of this kind when removed into the court under author-
8. ity of law, by an "appeal," instead of being presented in an original action, begun by complaint and summons. *Board* v. *Chicago, etc., R. Co.* (1867), 44 Ill. 229; *George* v. *People* (1897), 167 Ill. 447, 459, 47 N. E. 741. A great many decisions of the courts of many states recognize the validity of appeals to the courts from decisions of taxing officers when authorized by statute. *Ex parte State* (1919), 203 Ala. 444, 83 So. 334; *Cochran* v. *State* (1921), (Ala.) 89 So. 278; *Ex parte Fort Smith, etc., B. Co.* (1896), 62 Ark. 461, 36 S. W. 1060; *Mohave County* v. *Stephens* (1915), 17 Ariz. 165, 149 Pac. 670; *Singer*

*Mfg. Co.* v. *Denver* (1909), 46 Colo. 50, 103 Pac. 294; *United States Envelope Co.* v. *Vernon* (1899), 72 Conn. 329, 44 Atl. 478; *German A. S. Bank* v. *Council City of Burlington* (1902), 118 Iowa 84, 91 N. W. 829; *Marion County* v. *Wilson* (1899), 105 Ky. 302, 49 S. W. 8, 799; *Carr* v. *Louisiana Central Lumber Co.* (1915), 136 La. 1025, 68 So. 113; *National Bank* v. *City of New Bedford* (1899), 175 Mass. 257, 56 N. E. 288; *Penobscot C. F. Co.* v. *Inhabitants Town of Bradley* (1904), 99 Me. 263, 59 Atl. 83; *Adams* v. *Stonewall Cotton Mills* (1906), 89 Miss. 865, 898, 43 So. 65; *In re Bankers Life Ins. Co.* (1910), 88 Nebr. 43, 128 N. W. 661; *Weatherly* v. *Cloworth Development Co.* (1917), 64 Okla. 304, 166 Pac. 156; *Board* v. *Guarantee State Bank* (1911), 27 Okla. 736, 117 Pac. 216; *Smith Securities Co.* v. *Multnomah Co.* (1920), 98 Ore. 418, 192 Pac. 654, 194 Pac. 428; *In re State Line & Sullivan R. Co.* (1919), 264 Pa. 489, 107 Atl. 860; *National Bank* v. *Spencer* (1911), 71 W. Va. 678, 77 S. E. 269. We conclude that the circuit court had jurisdiction, under the statute to entertain an appeal from the assessment of omitted property made by the county auditor. It follows that the judgment from which this appeal was taken is not void for lack of jurisdiction, and that the appeal to this court cannot be sustained on that ground.

There remains for consideration the question whether or not an appeal from the circuit court to the Supreme Court was authorized, either by the particular statute under which the appeal from the county auditor to the circuit court was taken, or under the general law governing appeals from the circuit court to the Supreme Court. The statute, as above set out (§10310a Burns 1914, *supra*) contains no reference to an appeal beyond the circuit court. Appellee insists that this is a special proceeding, and falls within the rule that, unless an appeal is expressly granted from

the action or decision of a board or tribunal conducting a special statutory proceeding, no such appeal can be maintained, and that when granted, the right of appeal is no broader than the grant. *Ruddick* v. *City of Columbus* (1915), 183 Ind. 21, 108 N. E. 106; *Stockton* v. *Yeoman* (1912), 179 Ind. 61, 100 N. E. 2; *Stockton* v. *Osborne* (1914), 181 Ind. 440, 104 N. E. 756; *Baublett* v. *Strickler* (1921), 190 Ind. 548, 131 N. E. 1; *Sims* v. *Hines* (1890), 121 Ind. 534, 536, 23 N. E. 515.

The precise question now before the court has not been heretofore presented to a court of last resort in this state, so far as we are advised. But it has been decided many times in other jurisdictions, where the courts have held that granting an appeal from the assessing officer to the circuit court does not carry with it the right of a further appeal to the Supreme Court, if that right is not conferred by the statute which authorizes the appeal to be taken to the circuit court. *Mohave County* v. *Stephens, supra; Marion County* v. *Wilson, supra; Board* v. *Guarantee State Bank, supra; Grady County* v. *Chickasha Cotton Oil Co.* (1917), 63 Okla. 201, 164 Pac. 457; *Smith Securities Co.* v. *Multnomah Co., supra; McLean* v. *State* (1907), 61 W. Va. 537, 56 S. E. 884; *Bluefield, etc., Co.* v. *State* (1908), 63 W. Va. 480, 60 S. E. 403.

Appellant admits that the right of appeal is statutory, and only exists where it has been granted by statute. But he insists that it exists in the case at bar, by virtue of the general provisions of the Civil Code, in support of which contention he has cited a number of decisions to the effect that where an appeal is taken from a county board of commissioners to the circuit court, a further appeal may be taken from that court to the Supreme Court, and a case holding that such an appeal may be maintained from the judgment of the circuit court rendered in an appeal from the refusal of the State Board

of Dental Examiners to issue a license. The "Act Concerning Proceedings in Civil Actions," commonly known as the Code of Civil Procedure (Laws 1881, ch. 38), authorizes appeals from all final judgments of circuit and superior courts, except in certain actions originating before justices of the peace (§671 Burns 1914, §632 R. S. 1881). And the courts have held that actions against the county to recover money owed by it, and actions to contest elections, whether general or municipal, a proceeding for the incorporation of a town or to annex territory to a town, and one to obtain a license to practice dentistry, were each and all "civil actions," and therefore within the provisions of the civil case; and that, after being appealed to and decided by the circuit court, they could then be appealed to the Supreme Court. *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549; *Board* v. *Binford* (1880), 70 Ind. 208; *Weakley* v. *Wolf* (1897), 148 Ind. 208, 47 N. E. 466; *Paul* v. *Walkerton* (1898), 150 Ind. 565, 50 N. E. 725; *Summe* v. *Browne* (1905), 165 Ind. 490, 76 N. E. 99; *Consumers' Gas Trust Co.* v. *Huntsinger* (1894), 12 Ind. App. 285, 40 N. E. 34; *Indiana State Board, etc.,* v. *Davis* (1917), 69 Ind. App. 109, 121 N. E. 142. But the appeal taken by a taxpayer from an assessment of alleged omitted property made by the county auditor lacks many of the features of a civil action, whatever definition of "civil action" shall be accepted, and we do not think these cases are controlling. The lack of formal issues—indeed, of any pleadings at all—and of adversary parties, in any proper sense of the term, and the summary character necessarily given to the proceeding by the manner in which the auditor makes his assessment, from which the appeal is taken, and the method of taking the appeal, all distinguish the case at bar from those cited, and from other civil actions in which appeals to the Supreme Court may be taken under the Code.

The statute by which the right of appeal from an order adding property to the tax duplicate as "omitted property" is given contains no provision for filing pleadings or making up issues. If the appeal constitutes a civil action, within the meaning of the Code of Civil Procedure, clearly it does not present issues of fact "that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction," but only those "other issues" which are triable by jury (§418 Burns 1914, §409 R. S. 1881). And the logic which would lead to the conclusion that an appeal may be taken under the general provisions of the Civil Code would show the parties entitled to a jury trial. That it is impracticable for a jury to review and decide the questions presented by such an appeal, without pleadings or issues, is apparent. And this record is an apt illustration of the difficulty, if not impossibility, of reviewing, on appeal to this court, the action of the trial court in admitting and excluding evidence, and in making other rulings in the course of the trial, when no issues have been joined.

We conclude that such an appeal is not an action for which the general provisions of the Code of Civil Procedure provide an appeal to this court, but is a special proceeding to which those provisions do not apply. And since the statute under which an appeal was taken from the county auditor to the circuit court provides only for an appeal to that court, and makes no provision for appealing in turn from its judgment to this court, this appeal cannot be maintained.

The appeal is dismissed.

### ON PETITION FOR REHEARING.

EWBANK, J.—Counsel for appellant have cited cases in support of the proposition that, where the circuit court has rendered final judgment in an action for the enforcement or protection of private rights and the re-

dress of private wrongs, an appeal will lie to the Supreme or Appellate court under the provisions of the Civil Code, even though the action was brought under a special statute, unless the special statute contains provisions which necessarily exclude such right of appeal. Thus an action of *quo warranto* to question defendant's right to hold a public office may be appealed. *Robertson* v. *State, ex rel.* (1887), 109 Ind. 79, 87, 10 N. E. 582, 643. So may an action for a divorce. *Evans* v. *Evans* (1886), 105 Ind. 204, 210, 5 N. E. 24, 768. And one for the construction of a public drain. *Clarkson* v. *Wood* (1907), 168 Ind. 582, 586, 81 N. E. 572. And one for the contest of a will. *Crawfordsville Trust Co.* v. *Ramsay* (1912), 178 Ind. 258, 271, 98 N. E. 177.

And a proceeding to obtain the appointment of a guardian for a person alleged to be of unsound mind may be appealed by such person, though it has been held that the petitioner cannot appeal. *Berry* v. *Berry* (1897), 147 Ind. 176, 179, 46 N. E. 470; *State, ex rel.* v. *Branyan* (1903), 30 Ind. App. 502, 66 N. E. 464.

But in all of these cases, and in others prosecuted under special statutes, in which appeals under the general provisions of the Civil Code were permitted, the action was commenced in a court or tribunal that had judicial powers, by filing a complaint or petition against adversary parties, on which issues were submitted to the court for decision.

No authorities have been cited, and we know of none, which support appellant in his contention that the Civil Code gives a right of appeal from the circuit court to the Supreme Court in a matter which reached the circuit court by appeal from the summary action or decision of a board or officer exercising a special, limited jurisdiction in a special proceeding under a statute providing for an appeal to the circuit court, without any provision that pleadings be filed or issues formed, or

that a further appeal might be taken. The following additional authorities support the original opinion on this point: *Board* v. *Pinnacle Gold M. Co.* (1906), 36 Colo. 492, 85 Pac. 1005; *Pilgrim Consolidated Co.* v. *Board* (1904), 20 Colo. App. 311, 78 Pac. 617; *State, ex rel.* v. *Smith* (1920), 190 Ind. 690, 127 N. E. 545, 546; *Lafayette, etc., R. Co.* v. *Butner* (1904), 162 Ind. 460, 462, 70 N. E. 529; *Public Service Com.* v. *State, ex rel.* (1916), 184 Ind. 273, 282, 111 N. E. 10; *State, ex rel.* v. *Lewis* (1918), 187 Ind. 564, 120 N. E. 129, 132.

The mere fact that some one or more of the circuit courts of the state might decide erroneously in applying the law to the facts of a matter before them 10. does not make the taxing act unconstitutional for failing to authorize an appeal from that court to the Supreme Court. Judges of the circuit courts are required to decide according to law; and while they may sometimes make mistakes, the Supreme Court also sometimes commits an error in the application of a rule of law in one case, which it may correct when deciding another. A person who has been given one judicial hearing before a court having jurisdiction has no constitutional right to appeal his case to another court; his right of appeal being no greater than is given by statute. *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 607, 62 N. E. 443; *Deane* v. *Indiana Macadam, etc., Co.* (1903), 161 Ind. 371, 375, 376, 68 N. E. 686; *Collins* v. *Laybold* (1914), 182 Ind. 126, 133, 104 N. E. 971.

Appellant's petition for a rehearing is overruled.