MORAN ET AL. v. MILLER, STATE FIRE MARSHAL,
ET AL.

[No. 24,483.   Filed November 17, 1926.]

1. TRIAL.—A finding outside the issues cannot support a con-
   clusion of law and judgment based thereon.   p. 437.
2. JUDGMENT.—A judgment assuming to determine matters
   wholly outside the issues is not binding on the parties.
   p. 437.
3. APPEAL.—*Decision of circuit court on appeal from an order
   of state fire marshal not appealable, as such decision is final.*—
   Where a proceeding did not originate in a court, but reached
   the circuit or superior court only by way of a statutory appeal
   or review of an *ex parte* order of an administrative board or
   officer, authorized by a statute which provides that the deci-
   sion of the circuit or superior court shall be final, no appeal
   can be taken therefrom to the Supreme or Appellate Court.
   p. 438.
4. APPEAL.—*Right to question constitutionality of statute under
   which appeal to circuit court was taken.*—One who petitioned
   the circuit court for a review of an order of the state fire mar-
   shal, under the provisions of §11767 Burns 1926, and joined
   in submitting the matter to the court for decision, cannot, by
   an appeal from the court's decision, question the constitution-
   ality of the provision in the same statute that the decision
   of the circuit court shall be final.   p. 438.
5. APPEAL.—A party is estopped to complain of court's action
   in doing what he asked and induced the court to do, even
   though the action may have been erroneous.   p. 440.

From Elkhart Superior Court; *William B. Hile,*
Judge.

Samuel Moran and another filed separate petitions
in the St. Joseph Circuit Court asking a review of the
same order of the State Fire Marshal, Newman T. Mil-
ler.   The two petitions were consolidated, and the con-
solidated case sent on change of venue to the Elkhart
Superior Court.   The P. and R. Corporation was
granted leave to intervene.   From a decree sustaining
the order of the State Fire Marshal, and granting in-
tervener certain relief, the petitioners appeal.   *Appeal
dismissed.*

*Louis M. Hammerschmidt, Hubbard, Farabaugh &*
*Pettengill* and *Walter R. Arnold,* for appellants.

*Graham & Crane, Shively, Gilmer & Doran* and
*Chester Davis,* for appellees.

PER CURIAM.—On November 23, 1922, appellant
Moran and appellant Mogle each filed in the St. Joseph
Circuit Court his separate petition naming the appel-
lee fire marshal as sole defendant, by means of which
each petitioner professed to appeal from a decision of
the state fire marshal made on September 29, purport-
ing to review and in part confirm an order of the
second deputy fire marshal, issued August 23, 1922,
commanding that a designated brick building which had
been damaged by fire should be torn down.

The petitions both sought to review the same order
and were exactly alike, except for one alleging that
Mogle, under a lease for a designated period of time,
upon certain terms and conditions, occupied a room and
basement known as No. 130 North Michigan street,
and the other that Moran, under a lease for a like pe-
riod on the same conditions, occupied a storeroom and
basement next door in the same building, known as
No. 132 on said street, and a room in the rear on the
first floor, with the basement and sub-basement under
it. Each petition. consisted of three paragraphs, the
third of which was afterward amended and will be
referred to in its amended form. Each of these three
paragraphs in each petition commenced with the state-
ment that "come now the plaintiffs and for cause of
action against the defendant and by way of a petition
praying a review of the order No. M-822 of the State
Fire Marshal of the State of Indiana allege and say."
And after setting out certain facts each of them con-
tinued as follows: "And the plaintiffs herein do feel
themselves aggrieved by the order made by the deputy

fire marshal, marked Exhibit A, hereinbefore referred to, and more particularly by the decision of the State Fire Marshal after reviewing such order, which decision is referred to hereinbefore as Exhibit C." And the prayer for relief appended to each paragraph recited that "Wherefore, plaintiffs pray that this court review said order of said fire marshal hereinbefore set forth, and make such order in the premises as right and justice may require, and for all other and proper relief"; the prayer at the end of the third paragraph also asking in the alternative that the court dissolve and hold null and void the order of the state fire marshal in that it was unconstitutional. And each paragraph as well as the title to the petition, named as the sole defendant thereto, "Newman T. Miller, as State Fire Marshal of the State of Indiana," and did not mention the name of any party to this appeal except him, nor indicate in any manner that any other parties had an interest in the proceeding.

Each first paragraph alleged that the room described, on the ground floor of a three story brick building at the street number as stated, had been leased to the petitioner for a term of years extending to October 1, 1926, by certain named lessors who were not joined as parties and are not parties to this appeal, and concerning whose title nothing was alleged; that petitioner took and ever since had held possession of said premises, and his lease was still in full force and effect; "that on the 13th day of August, 1922, said premises were partly damaged by fire"; that on the twenty-third the second deputy fire marshal, without previous notice to petitioner, executed and caused to be served upon him a written order, reciting that said deputy had inspected the building which embraced petitioner's storerooms, and had found it especially liable to fire and so situ-

ated as to endanger other property by reason of its age and dilapidated condition, and commanding the owners and occupants, "within 30 days from date of service of this order, to remove said building and all rubbish and *debris* resulting from such removal," under penalty of a fine for neglect to do so: that within five days thereafter, on August 28, each petitioner had filed with the state fire marshal a notice of appeal from said order, reciting that the order had been served on the petitioner and that he appealed from it by virtue of the statute (§11767 Burns 1926, §7, Acts 1913 p. 556), which order the State Fire Marshal was asked to review. That on September 29, said state fire marshal executed and filed and served upon petitioner his decision, after review of the deputy's said order, confirming the finding and order so reviewed, except that it was modified by excusing the owners and occupants from the obligation to tear down a certain party wall, and extending the time allowed for complying with the order.

Each second paragraph of the petitions alleged the same facts as the first paragraphs, with the additional averment that the building was not in a dilapidated condition, and did not endanger other property by reason of its age or such dilapidated condition. And each third paragraph alleged the same facts as the second paragraphs, and also alleged that the act to establish the office of fire marshal, etc. (§§11761 *et seq.* Burns 1926, Acts 1913 pp. 556-567, as amended by Acts 1917 pp. 429, 434) violates certain specified provisions of the state and federal constitutions. But neither alleged that anybody had torn down the building or disturbed the petitioner in his possession in any way, or was threatening to do so, or that anything whatever had been done of which complaint was made, except that the second deputy had issued the order, and that, on appeal

to the State Fire Marshal, he had modified and then confirmed it, as above set out. As was suggested above, the relief asked was that the court should review the order of the state fire marshal and declare it void and dissolve it; no other relief in the way of an injunction, or damages, or anything else, being demanded.

The state fire marshal having filed an answer of general denial to each petition, the proceedings were ordered consolidated and the consolidated case was sent on change of venue to the superior court at Elkhart. Each petitioner having asked for a special finding of facts, the court heard evidence, none of which is in the record. But, after the opening statement for the petitioners had been made, the P. & R. corporation, which the court afterward found to be the owner of the building by conveyance from those who leased it to petitioners, was granted leave to intervene, and it filed an answer of general denial, though no affirmative pleading was ever filed which suggested that it had title to or an interest in the property, or any facts other than those alleged in the complaint, except only its petition for leave to be made a party defendant.

A special finding was made to the effect that in 1916 the then owners of the three story building referred to and of the land on which it stood had executed a lease in writing of "the first floor and basement of the building known as No. 132 North Michigan street," and certain first floor and basement rooms in an adjoining building, to appellant Moran for the term of ten years, and "the first story and basement of the three story brick building, known as No. 130 North Michigan street," to appellant Mogle for a like term; that the leases contained no covenant on the part of the lessor to repair or to rebuild, and no stipulation as to what should be the effect in case the building was destroyed

by fire; that in 1922 the P. & R. corporation became
and had since continued to be the owner in fee simple
of said building and also of two adjoining buildings, as
well as the ground on which all the buildings stood;
that the three story building in which the storerooms
leased to petitioners were situated was of brick and
timber construction and had been erected in 1870; that
on August 13, 1922, all the rooms in all the buildings
were occupied by "other and various" tenants of the
P. & R. corporation, and at about 1 o'clock in the morn-
ing of that day, the adjoining buildings owned by said
corporation were consumed and destroyed by a fire,
which spread to the three story building in which peti-
tioners had their storerooms, and wholly destroyed the
rear forty feet of the building, back of a partition wall,
including forty feet in length of the rear end of both
storerooms, while the entire roof and the studding to
a depth of from eighteen inches to seven feet in the
third floor above the remainder (sixty feet long) of
the building were consumed, so that the third story
was entirely destroyed and annihilated, and most of the
floor of the storeroom occupied by Moran in the first
story was burned, breaking all the glass therein and
charring the woodwork and portions of the partition
between that storeroom and the one occupied by Mogle;
and that the fire blistered the woodwork in the second
story, and water was poured upon the floors, ceilings,
partitions and plastering continuously for about ten
hours, and the heat removed the plastering, cracked and
displaced the walls, took away the support from them
and warped the woodwork, as stated, so that the build-
ing "has been destroyed and annihilated to the extent
of more than sixty per cent., and is especially liable
to fire and is dangerous to other property and to human
life"; that Mogle resumed business next morning in the
front part of the room leased to him, and after having

put in twenty-nine new joists and relaid the first floor thereon, and made some other repairs, Moran resumed business in the front part of the storeroom leased to him; that each petitioner, without asking or obtaining leave, replaced with tarred paper roofing the floor that had burned on the second story above their respective rooms to keep out the rain; Moran draining the water that fell on this improvised roof above his room into the hall and down the front stairs, and Mogle draining what fell above his room through a pipe into the basement; that all of these repairs were made without permission of the owner of the building and grounds; that the use of the rooms in said manner is of substantial value, as stated, and each lessee has continued to tender the stipulated amount of rent each month (in the total sum of $237 per month) since the fire occurred; that the ground value of the lots occupied by the three buildings which burned, including the building in which petitioners occupied storerooms, was $200,000, and the owner wished to build an eight story fireproof building thereon; that the building was within the limits defined by a city ordinance in which the erection of a building or the repair of any building damaged more than sixty per cent. by fire or other cause was required to be done only by constructing the walls and roof wholly of materials that would not burn, such as brick, stone, concrete, tile, cement blocks or terra cotta, and metal fully encased in and covered by concrete, and laying the floor on steel beams, the spaces between which were completely filled in with such fireproof composition; that the undestroyed remnants of the building in question were less than forty per cent of the whole building, and none of them were of fireproof materials except the concrete floor in the basement and the bricks in the outer walls, and, because of many facts recited in the finding, "no repair or restoration of such

building could be made without the demolition of all remaining remnants, and such building constructed anew"; and that the second deputy state fire marshal inspected the building after the fire without notice to or knowledge of petitioners, and then sent them the notices, as alleged in their respective petitions, whereupon each of them appealed to the state fire marshal, and he made the order as alleged.

On this finding, the court stated conclusions that "the law is with the defendants," and that "the order of the state fire marshal appealed from herein is a valid and legal order," to which the only objection offered by appellants (as we understand their argument) is that the law is unconstitutional under which the state fire marshal and his deputy assumed to act. But the court stated a further conclusion of law that the leases held by appellants on their respective storerooms in the building and the basement rooms under them were "terminated by the destruction of the leased premises by the fire of August 13, 1922, after which date, the petitioners had no interest in said premises as tenants * * * and are holding possession of the remnants of such leased building unlawfully." And the judgment included a decree "that the said P. & R. corporation shall recover of the petitioners, Samuel D. Moran and James A. Mogle, the possession thereof; that the said Moran and Mogle shall yield possession of the premises occupied by them within 30 days."

It is true that the authorities, almost without exceptions, hold the lessee of one or more rooms in a building, the other rooms of which are let to and occupied by other lessees, to have no interest in the land on which the building stands, and hold that the destruction of the building as a whole by fire or otherwise terminates the lease of such a tenant by annihilating the subject-matter of the lease contract. *Winton* v.

*Cornish* (1832), 5 Ohio 477; *Graves* v. *Berdan* (1863), 26 N. Y. 498; *Kerr* v. *Merchants Exchange Co.* (1839), 3 Edw. Ch. (N. Y.) *316; *Stockwell* v. *Hunter* (1846), 11 Metc. (Mass.) 448, 45 Am. Dec. 220; *Womack* v. *McQuarry* (1867), 28 Ind. 103, 92 Am. Dec. 306; *O'Byrne* v. *Henley* (1909), 161 Ala. 620, 50 So. 83, 23 L. R. A. (N. S.) 496; *Buerger* v. *Boyd* (1869), 25 Ark. 441; *Ainsworth* v. *Ritt* (1869), 38 Cal. 89; *Martin-Emerick, etc., Co.* v. *Siegel, Cooper & Co.* (1908), 237 Ill. 610, 86 N. E. 1104, 20 L. R. A. (N. S.) 1114; *Roberts* v. *Lynn Ice Co.* (1904), 187 Mass. 402, 73 N. E. 523; *Harrington* v. *Watson* (1883), 11 Ore. 143, 3 Pac. 173, 50 Am. Rep. 465; *Moving Picture Co.* v. *Scottish, etc., Ins. Co.* (1914), 244 Pa. 358, 90 Atl. 642; *Nashville, etc., R. Co.* v. *Heikens* (1903), 112 Tenn. 378, 79 S. W. 1038, 65 L. R. A. 298; *Porter* v. *Tull* (1893), 6 Wash. 408, 33 Pac. 965, 36 Am. St. 172, 22 L. R. A. 613; *Arbenz* v. *Exley, Watkins & Co.* (1902), 52 W. Va. 476, 44 S. E. 149, 61 L. R. A. 957; 16 R. C. L. 710; 36 C. J. 327.

But appellants insist that no issues were joined in this action between them and the lessor, either as to the lessor's right to recover possession or otherwise, and that the finding that the building was so far destroyed as to terminate the leases to petitioners, and that the petitioners had no further interest in the premises as tenants, and therefore were holding unlawfully, and also the judgment for possession based on such findings, were wholly outside the issues in the case. Findings outside the issues cannot support a conclusion of law and judgment based thereon, where the question is duly presented in a proper manner at the proper time. *Brunson* v. *Henry* (1898), 152 Ind. 310, 316, 317, 52 N. E. 407. And a judgment assuming to determine matters wholly outside the issues is not conclusive. *Habig* v. *Dodge* (1891), 127

Ind. 31, 36, 25 N. E. 182; *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754, 759; *Williams* .v. *Harrison* (1919), 72 Ind. App. 245, 252, 123 N. E. 245.

But appellee has interposed a motion to dismiss the appeal to this court without a determination of any questions discussed in appellant's brief, for the alleged reason that it is not and.at no stage of the proceeding has been an action either at law or in equity, but originally was and throughout has continued to be merely a statutory proceeding by way of an appeal from the order of the state fire marshal, begun and prosecuted solely by authority of a statute which provides that when the circuit court shall have heard such an appeal and made "such order in the premises as right and justice may require, * * * such decision shall be final." §11767, *supra*.

Where the proceeding was not commenced by a complaining party seeking redress as against an adversary, and did not originate in a court, but reached the circuit court only by way of a statutory appeal from an *ex parte* order of an administrative board or officer, taken pursuant to the provisions of a statute which provides that the decision of the circuit court shall be final, the Supreme Court cannot entertain an appeal from.the circuit court for the purpose of reviewing its decision. *State, ex rel.,* v. *Smith* (1920), 190 Ind. 690, 692, 127 N. E. 545; *Lafayette, etc., R. Co.* v. *Butner* (1904), 162 Ind. 460, 462, 70 N. E. 529; *Ruddick* v. *City of Columbus* (1915), 183 Ind. 21, 22, 108 N. E. 106; *Shideler, Auditor,* v. *Martin* (1922), 192 Ind. 574, 585, 137 N. E. 528.

3.

But the appellants insist that the statute which makes the decision of the circuit court final, being the statute under which the second deputy state fire marshal assumed to act in ordering the building torn down, and under which appellants appealed

4.

from that order to the state fire marshal and from his action in the matter to the circuit court, is unconstitutional and wholly void, and contends that this case is within the rule that an appeal may be prosecuted from a void judgment for the purpose of having its invalidity determined and declared. If appellants had denied the jurisdiction of the circuit court because of the alleged unconstitutionality of the statute in question and were here complaining that the court took and exercised jurisdiction notwithstanding their objections, or if they had brought an action in the circuit court, against the parties interested in the building and in the effect of the state fire marshal's order, asking to be granted relief in disregard of what the statute provides, because of its alleged invalidity, and had appealed from a decision against them on that point, they might be within the principle of law thus invoked. But where parties asked and procured the circuit court to entertain jurisdiction in the matter of an appeal thereto from an order of an administrative officer taken by them under the express provisions of a statute, and joined in submitting the matter to the court for decision by special findings and the statement of conclusions of law thereon, and neither objected to the court exercising jurisdiction nor excepted on the ground that it was without jurisdiction until it had announced a decision against them, they cannot by an appeal present for the first time the question whether the court properly took jurisdiction and entertained their appeal, or whether it should have refused to do so, by reason of the statute under which the appeal was taken being unconstitutional. *Great Falls Mfg. Co.* v. *Attorney-General* (1887), 124 U. S. 581, 8 Sup. Ct. 631, 31 L. Ed. 527.

A party is estopped to complain of action taken by the court in doing what he asked and induced it to do, even though such action may have been erroneous.

*Pennsylvania Co.* v. *Roney, Admx.* (1883), 89 5. Ind. 453, 46 Am. Rep. 173; Elliott, App. Proc. §626; Ewbank's Manual (2d ed.) §255; 12 C. J. p. 773, §199.

We conclude that the appellants, having brought this matter before the circuit court by way of an appeal from a decision and order of the state fire marshal, an administrative officer, taken and prosecuted solely by authority of a statute which provides that the decision of that court shall be final, cannot take a further appeal to this court to question the validity of the statute except for which they could not have reached the circuit court with their original appeal from the administrative order.

The appeal is dismissed.