TEMPERLY ET AL. *v.* CITY OF INDIANAPOLIS.

[No. 23,365.   Filed April 20, 1920.]

1. MUNICIPAL CORPORATIONS.—*Sewer Assessments.—Collateral Attack.*—Where sewer assessments were established by judgment in a proceeding in the circuit court, under §8729 Burns 1914, Acts 1909 p. 238, a complaint in an action attacking collaterally the validity of the assessments is insufficient unless the allegations show such judgment to be absolutely void. p. 294.

2. MUNICIPAL CORPORATIONS.—*Sewer Assessments.—Notice.—Stat-ute.—Construction.*—The provision of §8729 Burns 1914, Acts 1909 p. 238, relative to construction of sewers, etc., requiring the clerk to "notify all persons mentioned * * *, which notice said clerk shall cause to be published * * *" was intended to provide for notice by publication and not for personal notice. p. 294.

3. CONSTITUTIONAL LAW.—*Due Process.—Special Proceedings.—No-tice.—Sufficiency.*—Notice by publication in special proceedings for the construction of highways, drains, sewers, etc., given in conformity to the statute, is sufficient to confer jurisdiction on the court, and a judgment rendered in pursuance thereof is not violative of the "due process" clause of the federal Constitu-tion. p. 296.

4. CONSTITUTIONAL LAW.—*Special Laws.—Classification.—Munici-pal Corporations.—Sewer Assessments.*—Section 8729 Burns 1914, Acts 1909 p. 238, relative to the construction of sewers, etc., is not violative of Art. 4, §22, of the Constitution, on the ground that it makes a classification of proceedings because the notice provided therein is different from that provided by §317 Burns 1914, §314 R. S. 1881, for commencing civil actions, since pro-ceedings authorized thereunder are of a special statutory nature and not ordinary civil actions and the latter section applies only in a supplementary way. p. 297.

5. CONSTITUTIONAL LAW.—*Special Laws.—Classification.*—Section 8729 Burns 1914, Acts 1909 p. 238, relative to assessments for sewers, etc., is not violative of Art. 4, §22, of the Constitution, on the ground that it is a special act regulating the practice in courts of justice, since a law is not necessarily special because it makes a just and reasonable classification of the subjects to which it applies. p. 297.

6. MUNICIPAL CORPORATIONS.—*Sewer Assessments.—Lands Outside Corporate Limits.—Jurisdiction.*—The fact that real estate spe-cially assessed for city sewer construction, under §8729 Burns 1914, Acts 1909 p. 238, is situated outside the corporate limits of the city, and within the corporate limits of another munici-pality, does not prevent the circuit court of the county in which the city is situated from acquiring jurisdiction of the proceed-ing affecting such real estate. p. 298.

From Marion Superior Court (102,607), *Vincent G. Clifford,* Judge.

Injunction by Carrie R. Temperly and others

against the city of Indianapolis. From a judgment for the defendant, the plaintiffs appeal. *Affirmed.*

*M. M. Bachelder, Harold K. Bachelder* and *W. C. Bachelder,* for appellant.

*Samuel Ashby, Thomas D. Stevenson, Harry E. Yockey* and *Dixon H. Bynum,* for appellees.

LAIRY, J.—Appellants brought this suit to enjoin the collection of special assessments made against their real estate for the purpose of paying the cost of construction of a sewer, and the expenses incident thereto. Appellees addressed a demurrer to the complaint which was sustained by the trial court; and appellants, refusing to amend or plead further, suffered judgment to go against them on the pleadings. Appellants assign as error the ruling of the court in sustaining the demurrer to their complaint.

The assessment, which appellants seek to have declared void, and the collection of which they seek to enjoin, were made in a proceeding instituted in the Marion Circuit Court and therein prosecuted to final judgment under the provisions of §8729 Burns 1914, Acts 1909 p. 238. The complaint in this suit attacks the assessments so made collaterally, and it cannot be held sufficient for that purpose unless the facts alleged therein show the judgment fixing such assessments to be absolutely void.

Appellants assert that the judgment imposing the assessments is void, because no notice was given to appellants of the proceeding in which such judgment was entered. On the subject of notice, the statute provides that, after the proceeding is filed in the circuit court, the court shall

·fix a time when the same will be heard. "And thereupon the clerk of said court shall notify all persons mentioned in such proceedings, or to be injuriously or beneficially affected thereby, that the said proceedings will be heard at a date named, which notice said clerk shall cause to be published once a week, for at least three weeks, in some newspaper of general circulation throughout the county."

The allegations of the complaint show that the notice prescribed was published by the clerk of the Marion Circuit Court in accordance with the provisions of the statute; but it is alleged that such notice was not personally served on any of appellants, and that no personal notice of any kind was given to appellants, and that they had nᴄ actual notice of the pendency of the proceeding.

Appellants assert that the statute provides for personal service of the notice on all persons mentioned in such proceedings or to be injuriously or beneficially affected thereby, and that the clerk shall also cause such notice to be published in the manner and for the time prescribed by the statute. When the language of the statute is given its fair and ordinary meaning, there can be little doubt that the legislature intended to provide for notice by publication and did not intend to make provision for personal notice in any form.

Appellant further asserts that, if the statute contemplates no notice other than the notice by publication, such statute is void because its enforcement would violate certain constitutional provisions to which the attention of the court is directed.

Appellants make the application of the "due

process of law'' provision of the federal Constitution by taking the position that notice by publication, in such a proceeding as the statute under consideration authorizes, is not such notice as to afford due process of law to the owners of property likely to be affected thereby, and that the enforcement of a lien imposed by a judgment rendered in pursuance of such notice would deprive appellants of their property without due process of law.

It has been uniformly held in this state that notice by publication, given in conformity to the statutes authorizing proceedings for the location and construction of highways, drains, sewers and other works of a quasi-public character, is such legal notice as to authorize a judgment ordering the improvement and fixing a lien against real estate affected thereby. Such a notice in such a proceeding is sufficient to confer jurisdiction on the court, and such a judgment in pursuance thereof is rendered in accordance with due process of law. *Scott* v. *Brackett* (1883), 89 Ind. 413.

In *Scott* v. *Bracket, supra,* the court said: ''It will be observed that this statute makes no provision for personal notice. The only notice required is constructive. With such notice, a lien may be fixed upon the land affected by the proposed work.'' Speaking of the validity of such notice in view of the constitutional provisions here invoked, this court, in a later case said: ''The second question presented by appellant's counsel, in argument, is that the statute, under which the drainage proceedings described in its complaint were had, is in contravention of certain sections of the bill of rights in our state Constitution; and the third question, presented in like manner, is

that the aforesaid statute is repugnant to section 1 of article 14 of the Constitution of the United States. These two questions, if they could properly be regarded as open questions in this state, might well be considered together, for the difference between the sections of our bill of rights and section 1 of article 14 of the federal Constitution, upon the point to which they are cited, is one of verbiage and phraseology rather than substance. But the statute in question and prior drainage laws have been so long and so often recognized, acted upon and upheld as valid legislation, in and by the decisions of this court, that we cannot now entertain or, at least, express even a doubt as to the constitutionality of such enactments.'' *Baltimore, etc., R. Co. v. North* (1885) 103 Ind. 486, 3 N. E. 144.

Appellants call attention to §55 of the Civil Code §317 Burns 1914, §314 R. S. 1881, which provides that a civil action shall be commenced by filing a complaint in the office of the clerk of the court and causing a summons to issue thereon. It is claimed that the section under which this proceeding is brought makes a classification of proceedings in courts of justice and that, because a different kind of notice is provided in such proceedings, the statute is invalid on the ground that it is a special act regulating the practice in the courts of justice within the inhibition of Art. 4, §22, of the state Constitution. Appellants' counsel cites no authority in support of the proposition stated and the court is of the opinion that it cannot be sustained. A law is not necessarily special in its nature because it makes a just and reasonable classification of the subjects to which it applies. *Indianapolis St. R. Co.* v.

*Robinson* (1901), 157 Ind. 232, 61 N. E. 197. Besides, the proceeding provided for in the statute under consideration is not an ordinary civil action; but it is a special statutory proceeding. Such proceedings are governed by the form of practice provided by the statute by which they are authorized. The practice provided by the Civil Code does not apply to such special statutory proceedings except in a supplementary way. In so far as the act governing the proceeding provides a mode of procedure it is controlling, and must be followed; but in so far as such statute is silent as to the procedure to be followed resort may be had to the procedure provided by the Civil Code. Such statutes generally provide a mode of procedure differing from that prescribed by the Civil Code, but such difference does not impress them with the character of special acts on the subject of practice in the courts of justice. *Board, etc.* v. *Silvers* (1864), 22 Ind. 491; *State, ex rel.* v. *Roby* (1895), 142 Ind. 168, 41 N. E. 145, 33 L. R. A. 213, 51 Am. St. 174.

Under former decisions of this court the title of the act must be held sufficient.

The fact that the real estate of appellants is situated outside of the corporate limits of the city of Indianapolis and within the corporate limits 6. of the town of Broad Ripple did not prevent the circuit court of Marion county from acquiring jurisdiction of the proceeding affecting such real estate. It has been held, in drainage proceedings, that the court of a county in which the petitioner resides has jurisdiction to establish a ditch which extends into another county. *Shaw* v *State, etc.* (1884), 97 Ind. 23; *State, etc.* v. *Turvey* (1885), 99 Ind. 599.

The trial court did not err in sustaining appellees' demurrer to the complaint.