## WILHELM v. CITY OF INDIANAPOLIS ET AL.

[No. 12,598.    Filed December 21, 1926.    Rehearing denied March 11, 1927.    Transfer denied April 26, 1927.]

1. MUNICIPAL CORPORATIONS.—*Complaint to enjoin enforcement of improvement assessment must show that assessment is absolutely void.*—A complaint to enjoin the enforcement of an assessment for a municipal improvement cannot be held sufficient unless the facts alleged affirmatively show that the assessment is absolutely void, as it is a collateral attack on the order of judgment fixing the assessment.  p. 98.

2. MUNICIPAL CORPORATIONS.—*Circuit court has jurisdiction to order construction of sewer to receive drainage from lands both within and without city.*—Under the provisions of §10721 Burns 1926, §8729 Burns 1914, the circuit court has jurisdiction to order the construction of a sewer to receive the drainage of lands both within and without a city and to apportion the benefits on the lands benefited thereby, including lots in another town or city, without the consent of such municipality.  .p. 102.

3. MUNICIPAL CORPORATIONS.—*Statute creating department of sanitation in cities of the first class not applicable to proceeding under statute authorizing construction of sewer which will receive drainage from lands outside said city.*—The act of 1917 (Acts 1917 p. 573, as amended Acts 1921 p. 311, §10577 et seq. Burns 1926), providing for a department of sanitation in cities of the first class and giving it jurisdiction over sanitary matters within the city, is not applicable to a proceeding under §10721 Burns 1926 to construct a sewer within any such city which will receive drainage from land outside said city.  p. 103.

4. MUNICIPAL CORPORATIONS.—*That land is distant from sewer constructed by a city does not preclude its assessment for improvement expense.*—The fact that land is distant from a municipal sewer improvement, and is not connected therewith, is no reason why it should not be assessed for its proportionate part of the expense of making the improvement.  p. 104.

5. MUNICIPAL CORPORATIONS.—*Boundaries of districts to be drained by branch sewers need not be fixed in proceeding for construction of main sewer.*—In a proceeding for the construction of a main sewer under §10721 Burns 1926 which will receive drainage from lands outside the city, it is not necessary to fix the boundaries of districts to be drained by branch sewers to be subsequently built.  p. 104.

6. MUNICIPAL CORPORATIONS.—*All land within area drained by main line sewer constructed under §10721 Burns 1926 subject to assessment for cost of construction.*—Where a main line sewer is constructed under §10721 Burns 1926 to carry the drainage from lands both within and without a city, all of the land, within and without the city, within the area drained thereby, if benefited, would be subject to assessment to pay the cost of construction. p. 106.

7. MUNICIPAL CORPORATIONS.—*Validity of assessment for construction of main sewer not affected by fact that lot assessed cannot be drained by one of two main branch sewers to be connected with main sewer.*—In a proceeding for the construction of a main sewer under §10721 Burns 1926, designed and intended to receive the drainage from two main line branch sewers, the fact that certain land within the area to be drained by one of said branch sewers cannot be drained by or affected by the other branch sewer, would not invalidate an assessment against said land for the main sewer. p. 106.

From Marion Superior Court (A 31,956) ; *Sidney S. Miller,* Judge.

Suit by Francis Wilhelm against the city of Indianapolis and others to enjoin the collection of a special assessment against his real estate for the expense of constructing a sewer. From a judgment against the plaintiff on demurrer to his complaint, he appeals. *Affirmed.* By the court in banc.

*Leo X. Smith, N. E. Elliott, Albert Stump* and *Lloyd D. Claycomb,* for appellant.

*Alvah J. Rucker, John K. Ruckelshaus, Don F. Roberts, Walker & Hollett* and *Harvey B. Hartsock,* for appellees.

*Young & Linder* and *Asa H. Boulden,* amici curiae.

McMAHAN, C. J.—Complaint by appellant against the city of Indianapolis, Sheehan Construction Company and others to enjoin the collection of a special assessment made against his real estate for the purpose of paying the cost and expenses incident to the construction of a sewer. A demurrer to the complaint was

sustained and judgment rendered against appellant denying him any relief. The error assigned relates to the action of the court in sustaining the demurrer to the complaint.

The assessment, the collection of which appellant seeks to enjoin, was made in a proceeding instituted in the Marion Circuit Court, and there prosecuted to final judgment under the provisions of §10721 Burns 1926, §8729 Burns 1914, Acts 1909 p. 238. Appellant's attack on the assessment so made is collateral and it follows that the complaint cannot be held sufficient unless the facts therein alleged affirmatively show the judgment fixing the assessment is absolutely void. *Temperly* v. *City of Indianapolis* (1920), 189 Ind. 292, 127 N. E. 149.

Chapter 93, Acts 1909 p. 238, is entitled, "An Act to provide for the erection or the change of any levee or the change or improvement of any watercourse, natural or artificial, or the drainage of any section of ground, or the construction of any sewer or drain, designed to receive the drainage of land both within and without the corporate limits of a city, and declaring an emergency." This act, in so far as is material in a consideration of the questions involved in this appeal, provides, in substance, as follows:

When the board of public works of a city shall declare that the drainage of any section of ground, or the construction of any sewer or drain designed to receive the drainage of land both within and without the city, is necessary for the public welfare of such city or any part thereof and shall order the same made, it shall cause drawings and specifications to be made. In case it is found and declared that the proposed work when completed will affect land outside of the city, a copy of all proceedings in such matter shall be filed in the circuit court, with a list of all persons whose prop-

erty will be affected, with a description of the bound-aries embracing the same. The proceedings being docketed, the court fixes a time when same will be heard, and the clerk is required to give notice for three weeks by publication in a newspaper of general circulation throughout the county. Property owners are given the right to file answers showing why the improvement should not be made, and, upon such issue, the court hears the evidence and determines whether the work should be done. If the court determines that the work should proceed, the same shall be done under the control and supervision of the board of public works, which board is required to advertise for bids and let the contract in accordance with the law relating to the construction of sewers or drains wholly within the city. When this is done, the board reports the same to the court and the court then appoints three competent and disinterested persons residing in the county as assessors, who estimate and assess the benefits and damages to the several tracts of land affected. Such assessment of benefits to lands outside the city to be made upon the basis of acreage. Provision is made for an appeal from the action of the assessors to the circuit court. The work is carried on under the supervision of the board of public works, and, when the same is completed and accepted, the board is required to certify such facts to the court, and the court by proper order directs the clerk to make out in duplicate an assessment roll showing the names of the property holders and a description of each parcel of land, together with the benefits or damages assessed, one copy of which is to be delivered to the city controller and the other to the county treasurer. §10721 Burns 1926, §8729 Burns 1914.

It is alleged in the complaint that appellant is the owner of a certain lot in the town of Beech Grove in Marion county. That Beech Grove, at the closest point,

is approximately one mile from the city of Indianap-
olis.   That on April 23, 1924, the board of public works
of said city adopted a resolution declaring that the pub-
lic welfare of such city called for the construction of
the Pleasant Run and Bean Creek Main Sanitary sewer
in and along certain streets and extending from White
river to State avenue, with necessary appurtenances,
including the straightening and changing of the chan-
nel of Pleasant Run, and declaring that the sewer, from
its size and character, was not only intended and
adapted for the purpose of receiving sewage from other
streets or lands within the district, or from sewers al-
ready or which might thereafter be constructed; but
that such improvement would affect lands both within
and without the corporate limits of said city; that such
sewer should be constructed and designated as the
"Pleasant Run and Bean Creek Main Interceptor," and
setting forth the general course and termini, and by
metes and bounds describing the drainage district af-
fected thereby, and which is located partly within and
partly without the limits of said city.

The territory so described in said ordinance or reso-
lution covered about 10,000 acres of land, and included
the property of appellant, as well as numerous other
parcels of real estate located in Beech Grove.   A copy
of said proceedings was filed in the Marion Circuit
Court, April 25, 1924.   Notice by publication was there-
after given to all owners of real estate lying within the
district affected by the proposed sewer and, upon proof
of such publication, the court, in the absence of appel-
lant, after a hearing, approved and confirmed the ac-
tion of the board of public works, ordered the sewer
constructed, and appointed three assessors to assess the
benefits which might accrue to appellant's real estate,
and that they did assess such real estate as benefited
in the sum of $16.13.   In June, 1925, the assessments

were certified to the controller of said city and to the treasurer of Marion county, for the purpose of collection. Appellant in his complaint states twenty-five reasons why the judgment of the Marion Circuit Court is void. These objections cover fourteen pages of appellant's brief, and are entirely too voluminous to be stated in detail.

Concisely stated, they are: **(1)** The court had no jurisdiction over him or his real estate, and had no authority to enter said judgment because no such jurisdiction or authority was conferred upon the court by law; (2) the contract with appellee construction company was void for the reason that neither the board of public works nor the circuit court had any authority to enter into or to approve such contract; (3) the town of Beech Grove had never given its consent to the construction of such improvement, had never agreed to the assessment of any real estate within its corporate boundaries, and had never taken any action by ordinance or resolution concerning the same; (4) because in making said assessment, instead of assessing the cost of each separate local sewer against the real estate abutting thereon, the aggregate cost of such sewer was assessed *pro rata* against all the real estate within the drainage district; (5) that the proceedings contemplated more than a local sewer, in that a main sewer was planned and constructed, and which is not a main sewer for the plaintiff's land; that no drainage districts were established for connecting sewers; that more than a main, a local, and connecting sewers would be necessary before any benefit would accrue to his land; (6) that the sewer, as constructed, provides for two separate inlets, one for Pleasant Run creek, and one for Bean creek; that no separate drainage district was mapped out and fixed for each of said creeks or valleys; that if a sewer is ever extended up Pleasant

Run creek, it will be separated from Bean creek by a natural watershed, making it impossible to cross such watershed with a sewer and that the sewer constructed is only intended for connecting sewers following the valleys of said creeks and is local in character; (7) that the entire jurisdiction and control over building sewers in the city of Indianapolis was and is in the Board of Sanitary Commissioners of that city.

These objections can be divided into two classes: One challenging the jurisdiction of the court over the subject-matter, and the other challenging the legality of the method followed in making the assessment. We will first consider the objections relating to the jurisdiction over the subject-matter. The sewer or drain lies wholly within the corporate limits of the city of Indianapolis and it affects land both within and without the city. The board of public works of the city, by resolution, declared it was necessary to the public welfare of the city that the sewer or drain be constructed, and that it was not only intended to receive sewage from streets and lands within the drainage district. In other words, the board found and declared that the proposed improvement, because of its size and character, was intended for, and adapted to, other purposes than merely receiving sewage from the district to be served thereby. The only construction that can be placed upon this language is that it was intended for and adapted to the drainage of the land within the territory or district affected by it. The plans and specifications for the improvement, made under the direction and authority of the board of public works, are not made a part of or set out in the complaint. We know nothing about the size of the drain or the character of the tile or pipe with which it was constructed other than that the declaratory resolution of the board of public works stated it should be

constructed of vitrified segmental block, reinforced concrete pipe, or reinforced concrete sewer, varying in size from two feet eight inches to four feet nine inches. It is alleged in the complaint that the district assessed for the improvement is more than ten miles in length and embraces about 10,000 acres of land and that the contract price was over $328,000. The improvement consists of one main sewer or drain beginning at State avenue and emptying into White river, and adapted and intended to receive connecting or branch drains or sewers draining all of the territory within the drainage district. It clearly appears to us that the improvement was intended for and is adapted to all kinds of drainage, and that there is nothing to indicate that it is not adapted to receive surface drainage. It is such a drain as is authorized by §10721 Burns 1926 and we hold the circuit court had jurisdiction. The statute did not require any action or consent by the town of Beech Grove. No part of the drain is located in that town, so we are not required to indicate what would have been the result if the drain had extended to and through land within that town.

Statutes relating to the construction of sewers or drains extending through, into, or affecting towns wholly surrounded by a city or contiguous 3. thereto are not applicable to the instant case. Neither is the act of 1917, Acts 1917 p. 573, as amended by the act of 1921, Acts 1921 p. 311, concerning the department of sanitation in cities of the first class and creating sanitary districts applicable. *Prevo* v. *City of Hammond* (1917), 186 Ind. 612, 116 N. E. 584, 117 N. E. 642, and *Pavey* v. *Braddock* (1908), 170 Ind. 178, 84 N. E. 5, are not in point.

This leaves for consideration the contention that the assessment is void because of the manner followed in making it. The fact that appellant's land is distant

from the improvement and is not connected there-
with is no legal reason why it should not be
assessed. Such facts, however, do affect the
amount of the assessment, and we must presume the
assessors in making the assessment gave due considera-
tion to such facts in fixing the amount of benefits as-
sessed against appellant's property.

Appellant says that neither the board of public
works, nor the court fixed the boundaries of a district
that will be drained by the "Pleasant Run
Sewer," or the district that will be drained by the
"Bean Creek Sewer," or of the district that will
be drained by the combination of these two sewers, or
fixed the area or boundary of any district affected by
any sewer to be connected with the sewer for which
the present assessment on his land was made. No pro-
vision has yet been made for the construction of a
sewer in Pleasant Run and Bean Creek valleys. No
steps have yet been taken toward the construction of
any branch sewer which will connect with the main
sewer. It will be time to describe the boundaries of
the districts affected by such branches or local sewers
when proceedings are instituted for the construction of
such branches or local sewers.

The main objections of appellant to the method of
making the assessment against his lands, using his own
language, are: "The method of determining the as-
sessment area was invalid, illegal and void, in that an
arbitrary boundary line for said area was fixed by
using the watershed or the highest line of the outside
of said assessment area from which surface water flows
towards the line of the alleged proposed extension of
said sewer as now erected; that said method of assess-
ment is further invalid and illegal in that arbitrary
zones or districts were created and the amount of
assessments therein made to differ from other like zones

or districts; that said method of assessment is further invalid and illegal in that the extreme northwestern part of said assessment area is located in said city of Indianapolis, is in a closely built up portion of said city and that other parts of said northwestern boundary are within the said city of Indianapolis and that no distinction is made between the amount of assessments in said area near and adjacent to the northwestern boundary line of said district and the district in which plaintiff's real estate is located, the same being in the southeastern part of said assessment area, not in said city of Indianapolis and not in a section closely built up and not apt to be served by said sewer to an extent equaling the benefit and assessment made in other like zones or districts; that said assessment area and zones therein were fixed and determined by arbitrary methods, and not because of any expectancy of service by said sewer if inside said area. That said assessment area is bounded by said arbitrary boundary line, being the highest point from which surface water flows, and immediately outside of which real estate will benefit to the same degree as that of plaintiff and which other real estate has not been assessed, said arbitrary boundary line, as fixed on the highest line of said ground, not having any relevancy, directly or indirectly, in the construction and service of real estate by said sewer.

"That said sewer as constructed from White river east, as provided for in said proceedings herein referred to, provides for two separate inlets at different places, one for what is known and referred to as the Pleasant Run branch and which is approximately along the bed of Pleasant Run creek and the other about Bean creek which is separate and distinct from said Pleasant Run creek. That said defendants nor neither of them at any time, mapped out and fixed a separate sewer

district for that part of the sewer known as the Pleasant Run interceptor and a separate sewer district for that part known as the Bean creek interceptor, neither did the court, by an order of the court, fix separate sewer districts for either of said sewers or for said sewer as a whole; that it is believed, and so declared by the defendants, to follow the valley, if ever at all, of the watercourse of the Pleasant Run creek for one sewer and of the Bean creek for the other; that the division of said sewer known as Pleasant Run interceptor is separated from the division of said sewer known as the Bean creek interceptor by a natural watershed or divide and on one side of which the water and sewage would drain to the valley of Pleasant Run and on the other side would drain to the valley of Bean creek; that it would be physically impossible to cross said watershed with a sewer; that said sewer district has not by any order of court or otherwise been fixed either for the total drainage district or the drainage district for either the Pleasant Run sewer extension or the Bean creek extension separately, or for any local sewers already constructed to connect with either of said branches or for any connecting sewers; that the sewer described in said proceeding already referred to under said Resolution No. 11722 is a main sanitary sewer only and intended, if for any purpose, only for connecting sewers following the valleys of said creeks but is local to the territory described in said resolution; that by reason of the above set out facts, said assessment against plaintiff's real estate is illegal and void."

In *Prevo* v. *City of Hammond, supra,* the city proposed to construct a sewage pumping station on one side of a river and two main sewers, one on each side of the river. Each of the sewers drained separate and distinct areas and neither could be used as an outlet for any portion of the district drained

6, 7.

by the other.   The sewer south of the river was connected with the pumping station by means of a siphon constructed under the river.   It was held that since each of the sewers drained separate and distinct areas, and since neither could be used as an outlet for any portion of the district drained by the other, they could not both be constructed in a single proceeding and the cost thereof assessed against the real estate in a district so bounded as to include the area drained by both, but that separate districts must be formed embracing the territory drained by each sewer.   In the instant case, but one main line of sewer was constructed, and all of the land within and without the city within the area drained thereby was subject to an assessment to pay the cost of construction.   When main connecting sewers are constructed in Pleasant Run valley and Bean creek valley and which are intended to receive the drainage from other connecting sewers, such main branch sewers in each of said valleys must be constructed in separate and distinct proceedings.   *Prevo* v. *City of Hammond, supra.*   The fact that appellant's real estate cannot be drained by or affected by a drain or sewer if one be constructed in Pleasant Run valley, does not render the assessment of such real estate, for the construction of the present sewer, void.   The court very properly sustained the demurrer to the complaint.

Judgment affirmed.