Argued December 16, 1927, affirmed January 17, 1928.

## PORTLAND v. HIRSCH-WEIS MFG. CO.

(263 Pac. 901.)

**Eminent Domain—Circuit Court has Jurisdiction to Review City Council's Award in Condemnation Proceedings for Street Improvement.**

1. Circuit Court has jurisdiction to review award of city council of City of Portland in condemnation proceedings to acquire property for street improvement purposes on appeal from such award.

**Eminent Domain—Circuit Court had Authority to Consolidate Separate Appeals of Lessor and Lessee from City Council's Condemnation Award for Street Improvement Purposes (Laws 1925, p. 550).**

2. Under Laws of 1925, page 550, Circuit Court had authority to consolidate separate appeals of lessor and lessee from condemnation award of council of the City of Portland in condemnation proceedings for street improvement purposes.

**Statutes—Statute and Charter Granting Appeal from Street Improvement Proceeding and Assessment Therefor and Providing Procedure on Appeal Held not Invalid as Special or Local Legislation Regulating "Practice in Courts of Justice" (Laws 1925, p. 550; Const., Art. IV, § 23).**

3. Laws of 1925, page 550, and city charter provision giving an aggrieved party a right to appeal from a proceeding for the improvement of a street or from the levying of an assessment for such purpose and providing a method of procedure on such appeal, *held* not violative of Constitution, Article IV, Section 23, prohibiting special or local laws regulating "practice in courts of justice," quoted words meaning the forms of procedure usual in the trial of actions or suits in common law or equity and for the trial of which courts were expressly designated by the Constitution, and not

---

3. See 25 R. C. L. 832.

to special proceedings where legislature might in its discretion give or withhold jurisdiction.

**Eminent Domain—Condemning Party Need not Resort to Courts in First Instance, Where Impartial Tribunal is Provided to Consider and Award Damage Claims.**

4. Though the Constitution gives to a property holder the right to just compensation for property taken by eminent domain proceedings, such proceedings are purely statutory, and a trial in court is not necessary or at least in the first instance a prerequisite to such appropriation, but so long as an impartial tribunal is provided for so that claim for damages can be fairly considered and awarded by disinterested viewers, commissioners or arbiters, the condemning party need not resort to the courts.

**Eminent Domain—Statutes—Circuit Court in Reviewing Condemnation Award for Street Improvement Sits as Special Tribunal, and Constitutional Prohibition Against Special Legislation Does not Apply (Laws 1925, p. 550; Const., Art. IV, § 23).**

5. Circuit Court, in reviewing condemnation award of the city council of the City of Portland under Laws of 1925, page 550, on appeal of the dissatisfied party, sits not as a common-law court, but as a special tribunal performing a function unknown to the common law, and Constitution, Article IV, Section 23, prohibiting special or local laws regulating practice in courts of justice, does not apply to statute regulating procedure on such appeal.

**Eminent Domain—Statute Held not to Require Regular Pleadings in Condemnation for Street Improvements, but That Damages shall be Determined as at Law (Laws 1925, p. 550).**

6. Provision of Laws of 1925, page 550, that on appeal condemnation proceedings to acquire property for street improvement purposes shall be tried as actions at law, does not imply or require that there shall be regular pleadings, but that the question of defendant's damages shall be heard and tried as an action at law is tried.

---

Appeal and Error, 4 C. J., p. 950, n. 69.
Constitutional Law, 12 C. J., p. 717, n. 9, p. 798, n. 43.
Eminent Domain, 20 C. J., p. 643, n. 84, p. 873, n. 83, p. 887, n. 43, p. 914, n. 49 New, p. 1023, n. 71, 72, p. 1024, n. 73, p. 1124, n. 79, p. 1127, n. 1, 5, 7.
Municipal Corporations, 43 C. J., p. 77, n. 57.
Practice, 31 Cyc., p. 1153, n. 12.
Statutes, 36 Cyc., p. 1012, n. 58, p. 1144, n. 91.

From Multnomah: G. F. SKIPWORTH, Judge.

In Banc.

This was a proceeding by plaintiff to condemn the leasehold interest of the defendant company in certain

property, the fee of which is in the E. Henry Wemme Endowment Fund subject to the conditions of a lease to the appealing defendant.

The charter provisions and statutes of the state, involved in this proceeding, are identical with those fully cited in the case of *City of Portland* v. *Postill, post,* p. 579 (263 Pac. 896), this day, January 17, 1928, decided and need not be reproduced here. After a report had been made by the city engineer and the claims for damages had been investigated by the city council, that body made a gross award of $29,680 for all damages sustained by both parties with an assessment of $2,600 benefits against the E. Henry Wemme Endowment Fund leaving a gross lump award of $27,080 in favor of both claimants.

Both parties appealed separately and upon the hearing in the Circuit Court the city moved to consolidate the cases, which request was granted by the court over the objection of both appellants. The cases were thereafter tried concurrently at the same hearing, each party retaining the right to challenge jurors and otherwise conduct its defense the same as though it were alone at the hearing. The jury was directed by the court, substantially, to consider the gross damages to all interests in the property, to find as against the Wemme interests the special benefits that in their judgment would accrue by reason of the proposed improvement, and to segregate from the gross damages sustained by all interests the damages sustained by defendant Hirsch-Weis Manufacturing Company against which they were instructed that they could not offset any benefits. There were no objections to the instructions, except that both defendants saved objections to the jurisdiction of the court and the consolidation of the actions. The jury re-

turned a verdict fixing the gross damages to all the property at $62,880, and the amounts of benefits to $2,900. The jury further fixed the net amount of damages to the Wemme interests, after deducting benefits, to $51,980, and the amount of damages sustained by the Hirsch-Weis Manufacturing Company at $8,000 net, and from a judgment upon said verdict the defendant Hirsch-Weis Manufacturing Company appeals.                                             AFFIRMED.

For appellant there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* and *Mr. John C. Veatch,* with an oral argument by *Mr. Veatch.*

For respondent there was a brief over the names of *Mr. Frank S. Grant,* City Attorney, and *Mr. L. E. Latourette,* Deputy City Attorney, with an oral argument by *Mr. Grant.*

McBRIDE, J.—1. The objections to the jurisdiction of the court are substantially disposed of by the decision in the case of *Spencer* v. *City of Portland,* 114 Or. 381 (235 Pac. 279), which was rendered since this appeal was taken.

2. It is not necessary to decide here whether, in the absence of a statute, the court could have consolidated the actions. There appears no controlling reason why it should not have done so, especially as the consolidation went no further than the hearing of the two cases concurrently, saving to each party the same rights, as to the procedure, as if the appeals were tried separately. Counsel have not called our attention to any substantial right of appellant that has been infringed upon or jeopardized by the method adopted by the court. In addition to this, we are of the opinion that the act of 1925, being Chapter 294,

applies to cases pending on appeal; that under that
act it was the duty of the court to order the cases to
be tried together as was done in this case; and that it
was the intention of the framers of the act that its
provisions should apply to the pending cases.

Section 2, Chapter 294, General Laws of 1925, is as
follows:

"Inasmuch as proceedings are pending for the ac-
quisition of property which is necessary for widening
streets and highways giving access to public bridges,
and inasmuch as question has been raised and litiga-
tion has been instituted concerning the validity of
such proceedings, and inasmuch as the delay of litiga-
tion for the final adjudication of such question will
cause great inconvenience, danger and hazard to traf-
fic upon such streets and highways, which inconveni-
ence, danger and hazard should be removed at the
earliest possible date, it is hereby adjudged and de-
clared that this act is necessary for immediate preser-
vation of the public peace, health and safety; and,
owing to urgent necessity, an emergency is hereby
declared to exist, and this act shall take effect and
be in full force and effect from and after its approval
by the governor."

3. This view is clearly within the spirit of the hold-
ing of this court in *Libby* v. *Southern Pacific Co.*, 109
Or. 449 (219 Pac. 604, 220 Pac. 1017), and *Moss* v.
*Woodcock*, 109 Or. 597 (220 Pac. 1017). In those
cases, the retroactive features of the statute resulted
in the dismissal of a pending appeal. In the case at
bar, the intention was to effectuate a right of appeal
where the method of taking it had not theretofore
been clearly defined. Nor, are we of the opinion that
either the provisions of the city charter, or of the act
of 1925, *supra,* are inimical to Section 23 of Article
IV of the Constitution. So much of Article IV as
relied upon by appellant is as follows:

"The legislative assembly shall not pass special or local laws in any of the following enumerated cases, that is to say * *

"3. Regulating the practice in courts of justice."

The question as to the applicability of this section to special proceedings of the charter arising in this case, and not an infrequent feature in the charter of other cities, relating to street assessments for laying out and improving streets, has been so ably presented by counsel for appellant here that it deserves more than a mere passing notice. It is worthy of remark that the clause above quoted has been a part of our Constitution since the admission of the state into the Union, a period of nearly seventy years. Up to the passage of the Home Rule Amendment in 1906, there was no method of creating a municipal corporation except by an act of the legislature. Prior to that amendment, charter powers were of purely legislative origin, and, in many of them, summary methods of appeal in special proceedings, relating to streets, were provided; and in almost hundreds of appeals in such matters from the decision of the city council, it was never suggested, either by the courts or counsel in the cases, that such methods were invalid or prohibited by Section 23 of Article IV of our Constitution. Several of the framers of our Constitution sat upon the bench in this court; others were in the legislatures which enacted municipal charters, and until the past year there was never a whisper that a charter or law, which gave an aggrieved party a right to appeal from a proceeding for the improvement of a street or from the levying of an assessment for such purpose and provide a method of procedure on such appeal, was in violation of the Constitution. To so hold now would

be to override the universal contemporaneous construction allowed and applied to such statutes for nearly seventy years. It is but reasonable to assume that by "practice in courts of justice" the framers meant those forms of procedure usual in the trial of actions or suits familiar to common law or equity, and for the trial of which courts were expressly designated by the Constitution, and had no relation to those matters in the nature of special proceedings where the legislature might in its discretion give or withhold jurisdiction.

4. While the Constitution gives to a property holder the right to just compensation for property taken by eminent domain proceedings, said proceedings are purely statutory and it does not follow that a trial in court is necessarily, or at least, in the first instance, a prerequisite to such appropriation. So long as an impartial tribunal is provided for so that the claim for damages can be fairly considered and awarded, whether disinterested viewers, commissioners or arbiters, the condemning party need not resort to the courts.

5. In the present instance, the law has designated the council as a primary arbiter, but solicitous for entire fairness, it has provided that the claimant or dissatisfied party may have an appeal to the Circuit Court which sits, in this instance, not as a common-law court, but as a special tribunal performing a function unknown to the common law. The aggrieved party, not satisfied with the award of the primary tribunal (the council), is given *ex gratia* an appeal to another tribunal (the Circuit Court), and he may take it or not, as he chooses. We are not left entirely in the dark as to the meaning of Section 23 of Article IV

123 Or.—37

of the Constitution. It was not original with the framers of our Constitution; but was taken bodily from the Constitution of the State of Indiana: Constitution of Indiana, § 125. The courts of that state have, by repeated decisions, refused to extend the operation of this section to special proceedings of a character similar to this: *Board of Commrs.* v. *Silvers,* 22 Ind. 491. In *Temperly* v. *City of Indianapolis,* 189 Ind. 292, 298 (127 N. E. 149, 151), a sewer assessment case, where a similar question was raised, the court said:

"Besides, the proceeding provided for in the statute under consideration it is not an ordinary civil action; but it is a special statutory proceeding. Such proceedings are governed by the form of practice provided by the statute by which they are authorized. The practice provided by the civil code does not apply to such special statutory proceedings except in a supplementary way. In so far as the act governing the proceeding provides a mode of procedure it is controlling and must be followed; but in so far as such statute is silent as to the procedure to be followed resort may be had to the procedure provided by the civil code. Such statutes generally provide a mode of procedure differing from that prescribed by the civil code, but such difference does not impress them with the character of special acts on the subject of practice in the courts of justice."

It is no light matter to declare a statute in any case to be unconstitutional and this is especially the case when legislation of a similar character has been almost coeval with our statehood and has been unquestioned until in the present instance. It has been said that no statute should be declared unconstitutional unless there is no reasonable doubt as to its invalidity. We have no such doubt in the present instance; but, on the

contrary, are convinced that it was a valid exercise of a constitutional authority.

6. The provision that on appeal cases of this character shall be tried as actions at law does not imply or require that there shall be regular pleadings; but that the question of defendant's damages shall be heard and tried as an action at law is tried.

This is the practice now in claims for damages for the laying out of a county road, and has been so from early territorial days. There is no necessity for a complaint in order to try out the question of damages, and there is no provision for framing issues after the case has been appealed.

The judgment of the Circuit Court is affirmed.

AFFIRMED.