## JOHNSON *v.* CITY OF INDIANAPOLIS.

[No. 25,232. Filed June 9, 1933. Rehearing denied November 23, 1933.]

*John F. Linder, Carl Seet, Leo X. Smith, N. E. Elliott,* and *George Young,* for appellants.

*Alvah J. Rucker, John K. Ruckelshaus, Don V. Roberts, H. B. Hartsock,* and *Walker & Hollett,* for appellees.

FANSLER, J.—Complaint by the plaintiffs to quiet title against, and enjoin the collection of an assessment against, their land incident to the construction of a sewer upon the theory that the proceedings are void. The errors assigned relate to the action of the court in sustaining demurrers to the complaint. The sewer is the same structure involved in the case of *Wilhelm* v.

*City of Indianapolis et al.* (1926), 86 Ind. App. 96, 154 N. E. 496, to which reference is made for a description of the proceedings. The cases differ in that the appellant's property in that case was located in the Bean Creek Valley. The two paragraphs of complaint are lengthy and no good purpose would be served by setting them out here. Their theory is much the same as in the complaint in the case last referred to, except that the property here involved does not lie in another town or city. The proceedings were initiated by the board of public works of the city of Indianapolis under the provisions of Section 10721, Burns 1926 (§12621, Baldwin's Ind. Ann. Stat. 1934). The sewer or drain was intended to affect property located both within and without the city of Indianapolis, and is what is described in the statute as a district sewer. The proceedings were referred to the circuit court as provided for in the statute. The project was designated "Pleasant Run and Bean Creek Main Interceptor," and the district affected, as described in the proceedings, included Pleasant Run Creek Valley and the valley drained by Bean Creek, a tributary of Pleasant Run Creek. It appears that Pleasant Run Creek empties into the White River, about 7,900 feet below the junction of the two streams; that the main sewer constructed began at White River, ran up Pleasant Run Valley to the junction of the streams, and then continued over 7,000 feet along the valley of Bean Creek.

Appellants' contention is that because there is a water shed between these two creeks, appellants' land lying in the Pleasant Run Valley would not in any way be benefited by the part of the sewer extended up Bean Creek, and that for that reason the proceedings are void under the ruling of this court in *Prevo* v. *City of Hammond* (1917), 186 Ind. 612, 116 N. E. 584, 117 N. E. 642. But if appellants' contention is to

prevail, the owners of land in the Bean Creek Valley might have made the same complaint had the entire sewer extended up Pleasant Run Valley, and the owners of property on every small collateral branch or valley, or connecting street or road, might make the same objection as to that part of the main sewer lying above the point to be tapped to drain their property.

The rule laid down in *Prevo* v. *City of Hammond, supra,* was intended to apply only to territory having no common drainage outlet. Whether the main sewer would better serve the general purpose by extending up Pleasant Run Valley or Bean Creek Valley was an engineering question to be determined by the board of public works. The appellants had notice of the proposed improvement and had an opportunity to be heard, and the determination of that question in the drainage proceeding cannot be attacked collaterally.

Every question presented here is correctly decided in the case of *Wilhelm* v. *City of Indianapolis, supra.*

Judgment affirmed.